No. ——

First Circuit

———

BROWN v. WEBER-KING LUMBER COMPANY

———

(Jan. 5, 1928. Opinion and Decree.)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant —Par. 160, 160 (i), 160 (j).**

In suits for recovery of compensation under the Workmen's Compensation Act No. 20 of 1914 as amended, in cases of death of the employee, the non-existence of persons entitled to a priority of action must be affirmatively shown in order to bring plaintiff's claim with the statute.

2. **Louisiana Digest—Master and Servant —Par. 160, 160 (j).**

Dependency is not shown within the meaning of the Workmen's Compensation Act No. 20 of 1914 as amended where the money paid by the deceased employee to a sister appeared to be nothing more than for board and not a contribution to her support.

(Editor's Note: See Section 8 (h) of Act 20 of 1914 and Section 18, Subsection 2 (e), Par. 8, of Act 85 of 1926.)

Appeal from Vernon Parish. Hon. H. A. Burgess, Judge.

Action by Annie Brown against Weber-King Lumber Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Ferguson & Newman, of Leesville, attorneys for plaintiff, appellant.

C. E. Hardin, of Lake Charles, attorney for defendant, appellee.

MOUTON, J. L. J. Bowie was killed in a railway collision in August, 1926, while in the employ of defendant company. Plaintiff, the sister of L. J. Bowie, brings this suit for compensation under the provisions of the Employers' Liability Act, on account of her alleged total dependency on decedent. She appeals from a judgment rejecting her demand.

Plaintiff was married twice and had five children by her first husband. Three of the children were living with her at the time of the trial, her husband having deserted her about a year prior thereto. She testified that her deceased brother gave her five dollars a week to buy groceries. He lived in her house, she cooked and washed for him, and she says he ate his three meals a day; that she fixed "his bucket to go to the woods". Upon the foregoing facts is based the claim of dependency on deceased. On this phase of the issue, the trial Judge said that what the deceased was doing for plaintiff appeared to him "to be nothing more than board he paid her, and not support". So it appears to us. The fact is, he was paying a moderate amount per week for the benefits he was receiving from plaintiff. Besides, the proof shows plaintiff to be a hard-working woman who washed and ironed for others. It is not to be believed she was doing that kind of work without remuneration. With evidence of the character above referred to, plaintiff was not, within the meaning of the statute, a dependent on her deceased brother.

The following questions were asked plaintiff:

"What relation, if any, were you to L. J. Bowie?
"A. He was my brother.
"Are your father and mother living?
"A. No, sir.
"Was your brother married?
"A. No, sir."

This is all the evidence in the record that was offered by plaintiff on the "relation of dependency" on which her claim for compensation is grounded. On this subject the statute reads, as follows: "The relation of dependency must exist at the time of the injury and at the time of the death." The injury and death occurred August 13, 1926, and the case was tried the year after, in 1927. Plaintiff, in answer to the question as to whether her father and mother were living, as above referred to, said they were not. This answer had reference to the time of the trial. They might have been living when the accident and death occurred. The proof should have · shown they were dead at that time to bring the claim of the plaintiff within the requirements of the statute. In the Gross et al. vs. Millers Ind. Underwriters, 153 La., p. 257, 95 South. 709, the court held that to recover in such cases, the non-existence of persons entitled to a priority of action, must be affirmatively shown. In that respect plaintiff has failed to make the required proof; also, to establish her dependency.

Judgment affirmed.