No. 443

First Circuit

———

**BOUDREAUX ET AL. v. MYLES SALT CO., LTD.**

———

(October 10, 1929. Opinion and Decree.)

———

Brumby & Bauer, of Franklin, and Margaret Wooster, of Franklin, attorneys for plaintiffs, appellees.

St. Clair Adams, Jr., of New Orleans, attorney for defendant, appellant.

MOUTON, J. Wiley Boudreaux, then aged 24, an employee of defendant company at Weeks Island, Iberia Parish, was killed by accident, July 6, 1927, while performing services in the course of his employment.

This suit is brought for compensation for his death by John Boudreaux and Marguerite Boudreaux, his surviving parents.

His daily wage was $3.75, or $22.50 per week.

The demand is for 65 per cent. of the weekly wages, that is, for $14.62 per week, for a period of 300 weeks.

Judgment was rendered against the defendant company for 65 per cent. of $14 for 300 weeks from which it prosecutes this appeal.

The defendant filed an exception of no cause of action. It is urged in this court but only on the contention that under Act 85 of 1926, which it is contended governed the claim herein made, there was no provision fixing the compensation for dependents when the employee's injury resulted in death. This court had held that there was a hiatus in that statute in that respect, but the Supreme Court has held otherwise in the case of Bass et al. vs. Weber-King Mfg. Co., 123 So. 112. Hence, the exception, which has been renewed in this court, is overruled.

## MERITS

The suit here, as it developed during the trial, is for partial actual dependency of the plaintiffs on the earnings of their deceased son in the year prior to his demise. In their petition the only allegation in reference to dependency was that the plaintiffs were wholly dependent upon the earnings of deceased at the time of the accident and his death. The testimony offered by plaintiff to establish partial dependency was objected to by defendant, but the objection was referred to the merits. It is contended here that the action for partial and total dependency are distinct and that the same proof would not be required for the two actions; that an exception of vagueness would not lie, as the claim was for total dependency.

The defendant in its answer specifically denied the allegation of total dependency

made by plaintiffs as aforesaid. Although we think that in the examination of the issue of total dependency under plaintiffs' allegation that the issue of partial dependency would, as a consequence, have been unfolded or brought about, we are relieved of the necessity of passing on this point because of the following averment made by defendant in its answer:

(a) "That the plaintiffs and neither of them, were wholly or even partially dependent upon said Wiley Boudreax, their said deceased son, at the time of his said death or at any other prior time and consequently are not entitled to recover compensation on the theory of dependency under the intendment of said Workmen's Compensation Law."

This article of the answer is not in any way ambiguous, but is on the contrary, explicit, and clearly opened the door for the reception of evidence as to whether or not plaintiffs were partially dependent on their deceased son, not only at the time of his death, but at any other time prior thereto. If the issue, thus tendered by defendant had been distasteful to plaintiffs, they could have objected to it as they were entitled to all objections of law and fact, replication not being permitted under our practice. Bayly vs. Stacey, 30 La. Ann. 1210.

It does not lie with defendant however to object to the introduction of the proof to establish the partial dependency of the plaintiffs under the pleadings of defendant enlarged by defendant as above pointed out. The evidence was properly referred to the merits and considered.

The next question presented for solution is as to whether plaintiffs were partially dependent on their son at the time of the accident and his death, and the year prior thereto. Sec. 8, par. 2, Act 85 of 1926.

At that time the family of the plaintiffs consisted of plaintiffs, Wiley, the deceased, Stanly, a younger brother, and Zulina, a daughter of about 15 years of age. John Boudreaux, the father, was a carpenter about 50 years old, was affected with asthma, earned $4 a day when he worked and was making $600 or $700 a year. They lived in a modest home near Franklin, costing $500, and on which a debt of $140 was due. The mother attended to the household duties. Stanly, the other boy, was going to school, until about six months before the accident when he got work at the defendant's salt mine, where Wiley lost his life. Zulina, a mere child, was attending school. The only source of revenue that John Boudreaux had was derived from his daily earnings as a carpenter. This was altogether insufficient to provide for the family. Wiley Boudreaux worked at Weeks Island and came to his father's home three times a week. Out of his earnings of $22.50 a week, his parents say, he gave his father between $14 and $17 a week. Counsel for defendant contend that the amount so given was in reality for board, and endeavor to bring this case within the ruling of this court in 7 La. App. 444.

In that case the claim was for total dependency and the issues had not been changed to one for partial dependency which is the question presented herein. In the case cited a fixed amount was agreed to between the parties who were brother and sister. We said in that case that besides the other proof shown, it appeared the claimant was unquestionably doing other work for which she must have been receiving remuneration, and that she had failed to establish her demand which was for total dependency.

Here, the relation is not between brother and sister, but is between a child and his parents from which naturally springs more warmth and generosity of sentiment

than between brother and sister, which accounts for the liberal contribution made by deceased from his earnings. The fact that the payments fluctuated between $14 and $17 a week indicates that they were not fixed as they were in the 7 La. App. case, did not bear the ear-marks of regular payments for board, and had rather the character of contribution by a child to the needs of dependent parents. It also appears, that the money contributed by the deceased was pooled in a common fund with the earnings of his father, from which his mother drew enough to pay for her boy's clothing. If the payments had been for board there would not have been such an arrangement which, in our opinion, indicates that the money so handed over by deceased was used for the family expenses in aid of his dependent parents.

It seems that one Mr. Rogers obtained a statement from plaintiff John Boudreaux which contained a declaration that he was not dependent on Wiley for support. The proof shows that John Boudreaux is illiterate and that the statement was read to him by Rogers. He said he never would have signed had he known of that declaration. His purpose in signing, he says, was to obtain money on insurance policies in which he had been named a beneficiary by his deceased son.

Stanly also signed a statement and admits his signature thereto. He says Rogers told him what to write, that he wrote it and signed. He denies he made the statement contained therein, to the effect that his parents were not dependent on Wiley; that that declaration is false, that he told Rogers what he read was true, but that he must have skipped that declaration.

Another witness, this one for defendant, was asked if he had not made the statement that Wiley's parents or relations were not dependent on Wiley for support. He denied that he had.

The testimony of the witnesses above referred to does not sustain the contention that such a statement was made.

Rogers, who it seems took out these declarations, did not testify in the case and no proof was tendered showing that his whereabouts were unknown, or that his evidence was for any reason unobtainable.

The rule is that if defendant fails to testify to throw light upon an issue necessary to his defense, the presumption is raised that the facts, as he would have them, do not exist. Bastrop State Bank vs. Levy, 106 La. 586, 31 So. 164, 165.

In that case the court said:

"Litigants owe the duty of assisting in every legitimate way in the elucidation of the truth."

In a much more recent case, the court said:

"Defendant's failure to testify, warrants the inference that he could not do so without strengthening plaintiff's case."

Logan vs. Walker, 152 La. 880, 94 So. 430.

The ruling in the later case is much stronger than the former ruling where it says that the failure of defendant to testify fortifies plaintiff's case.

It is true, it is a witness for defendant that failed to testify in reference to these statements but the rule is equally applicable because it was the duty of defendant to have Rogers testify in reference to these statements which were written by him or under his dictation so that the court might as was said in Bastrop State Bank vs. Levy, 106 La. 586, 31 So. 164, be assisted in the "elucidation of the truth."

The proof, we find, shows that plaintiffs were partially dependent on the deceased

during the year prior to the accident and his death.

The last contention urged by defendant is that if the dependency existed, the condition of dependency of the plaintiffs has ceased, and that compensation under sec. 8, par. 2(f) of Act 85 of 1926, should likewise terminate.

This question involves the knotty problem in the case as we have not been favored, nor are we aware of any adjudications on this proposition, one way or the other, and must dispose of it according to our own interpretation of the language and purpose of the statute.

The contention that the condition of dependency has ceased is grounded on the fact that plaintiffs have received as beneficiaries of their deceased son, since his death, the sum of $3,250 on some insurance policies. The revenue that could be obtained yearly from this sum of money by plaintiff is to be figured upon to ascertain if their condition of dependency no longer exists. The evidence shows that the least contribution the deceased made was $14 a week, which amounted monthly to $56, and annually to not less than $672; and it was shown that this total amount, thus contributed, pooled with the $600 or $700 annually earned by the father, barely sufficed for the legitimate necessities or expenses of the family. Their "condition of dependency" therefore existed notwithstanding the combined contributions of the father and deceased son, and to which the father contributed $672 yearly as his share.

Now, placing the $3,250 which plaintiff received from the insurance policies at 8 per cent. per annum interest which would be a fair investment, the revenue from that source would total, annually, the sum of $260. If the $672 furnished by the de-ceased barely sufficed for the legitimate expenses of the family, the $260 for interest, of necessity, would fall far short of the requirements, and it cannot therefore be said that the condition of dependency has ceased.

In Workmen's Compensation by Boyd, of the Toledo Bar, vol. 2, sec. 496, is found a disquisition on the British Compensation Act. Although the compensation law of England has been adopted only by a few of the American States, we think, although we may be in error on this subject, that the compensation statutes, we now have, trace their source or origin to the English statutes.

In commenting on the subject under discussion, the author refers to an authority in which the following was held:

"Money which comes to a dependent on the death of a workman does not affect the question of whether or not he is dependent upon his earnings at the time of the death of the workman. What the law intends is the condition immediately before the death of the workman."

It is shown by the evidence that immediately preceding and at the time of Wileys' death, that his parents were in a condition of dependency. The insurance money which they have received since cannot therefore affect their right of recovery under the doctrine above reproduced, and which, we think, applies to the issue herein presented.

We find, as hereinabove stated, that in reality their condition of dependency has not ceased as contended for by defendant, and the fact that they have been, since their son's death, the recipients of the insurance money as his beneficiaries, has not changed the situation. They are for the foregoing reasons entitled to judgment as was decreed below.