### John C. Coakley's (dependents') Case.

Worcester.   September 29, 1913. — October 22, 1913.

Present: Rugg, C. J., Morton, Hammond, Sheldon, & De Courcy, JJ.

*Workmen's Compensation Act. Words, "Parent."*

Under the provisions of the workmen's compensation act contained in St. 1911, c. 751, Part II, § 7, if a workman, whose death was the result of personal injuries that arose out of and in the course of his employment, is survived by a wife who was living with him at the time of his death and by children of such wife and also by a child by a former wife, who is under the age of eighteen years and likewise was living with him at the time of his death, such child of the workman by his former wife, having no surviving dependent parent, is conclu-

sively presumed to be wholly dependent, as is the widow, and shares equally with the widow the compensation to which the dependents of the deceased workman are entitled under the statute.

RUGG, C. J. This is a proceeding under the workmen's compensation act. The question at issue is the division of the payments due to the dependents of John C. Coakley, who received personal injuries arising out of and in the course of his employment and who died as a result. He left a widow, Nora, with whom as wife he was living at the time of his decease, two minor children who were children of Nora, a child of this marriage born since his death, and another child named Marion, by an earlier marriage. All the children are of tender years. The child Marion has no property of her own and was living in her father's family, entirely supported by him. The widow was appointed administratrix of the estate of John C. Coakley and she has come to an agreement with the insurer, which has been approved by the Industrial Accident Board, for the payment to be made by it on account of his death. A guardian has been appointed of the child Marion, who by law is charged with the custody and tuition of the ward, she having no father or mother living. R. L. c. 145, § 4. St. 1904, c. 163. The widow and administratrix contends that as matter of law under the act the guardian is entitled to nothing and she refuses to pay anything to her for the support of the ward.*

The material provisions of the act are found in St. 1911, c. 751, Part II, § 7, in these words:

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

(a) A wife upon a husband with whom she lives at the time of his death.

(b) . . .

(c) A child or children under the age of eighteen years . . . upon the parent with whom he is or they are living at the time of the death of such parent, there being no surviving dependent

---

* By a decision of a majority of the Industrial Accident Board it was ordered that the whole amount of the compensation should be paid to the widow. This was affirmed by a decree of the Superior Court, from which Marion Coakley appealed.

parent. In case there is more than one child thus dependent, the death benefit shall be divided equally among them.

"In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury; and in such other cases, if there is more than one person wholly dependent, the death benefit shall be divided equally among them, and persons partly dependent, if any, shall receive no part thereof; if there is no one wholly dependent and more than one person partly dependent, the death benefit shall be divided among them according to the relative extent of their dependency."

It is plain from this provision that the widow is conclusively presumed to be wholly dependent. It is equally plain that the child of the former marriage also is conclusively presumed to be wholly dependent, because in her case there is no surviving dependent parent. This language as construed in *McNicol's Case*, 215 Mass. 497, means that the children of the deceased who are the children of the widow are not conclusively presumed to be dependent, because as to them there is a surviving parent. Analyzing the act with technical nicety, probably the last paragraph of § 7, above quoted, does not apply to the case at bar because it relates to "all other cases," and "such other cases," which must mean cases other than those specifically provided for in paragraphs (a), (b) and (c) of the section. It is true that no express provision is made for a case like the present where there is more than one person beside orphaned children conclusively presumed to be wholly dependent. But the act should be interpreted broadly in harmony with its main aim of providing support for those dependent upon a deceased employee. Reading the section as a whole the purpose appears to be, though disclosed in language not completely free from obscurity, to divide the payments equally among those conclusively presumed to be wholly dependent. This is manifest by express words when there are two or more orphaned children. Equal division is provided also when, in case there is no one conclusively presumed to be wholly dependent and dependency is determined as a fact, more than one is found to be wholly dependent. This interpretation may be supported as consonant with what reasonably may be supposed to have been the intent of the Legislature. When there are left a parent and

children, who are the issue of the surviving dependent parent and the deceased, the natural instincts as well as the legal obligation combine to assure support to the children in case they need it. But in case of stepchildren there is neither the parental affection nor legal duty. The Legislature well might leave the support of children to their parent by blood and hesitate to leave it to any one else when there is no parent by blood.

It is argued that the widow is entitled to the whole sum on the ground that she stands *in loco parentis*. These words are not found in the act. The voluntary assumption of the obligations of parenthood toward children of a spouse by another marriage is one favored by the law. They may be included under the descriptive word "family." *Mulhern* v. *McDavitt*, 16 Gray, 404. But there is nothing in the record at bar to show that the widow has assumed any legal obligation to support the stepdaughter. On the other hand it is agreed that she declines to contribute anything to the guardian on whom by law is cast the duty of her care. It would be a hard thing to say that the words "surviving dependent parent" could have been intended by the Legislature to include one standing *in loco parentis* to a child, when the effect of such construction would be to debar such child, an orphan in fact, from the benefit of a conclusive presumption which otherwise the act establishes in its favor. "Parent" commonly means the lawful father or mother by blood. It does not lend itself readily to a significance so broad as to include stepfather or stepmother, or any one standing *in loco parentis*. The use of such other words in common speech of itself has some tendency to indicate a different meaning. The arrangement of the words "parent" and "child" in the present act points to the consanguineous relation and not to that by affinity. That it does not include one standing in the place of a parent seems to follow from the circumstance that there is no continuing obligation on one who has assumed such a relation. It may be abandoned at any time.

The result is that there should be an equal division between the widow and the daughter of the earlier marriage who has no surviving parent.

> *Decree reversed; new decree to be entered in accordance with this decision.*

*M. M. Taylor,* (*M. C. Taylor* with him,) for Marion Coakley.

*F. F. Dresser,* (*T. H. Gage & W. A. Garrity* with him,) for the widow.