Mrs. CHARLOTTE A. WHALEN v. THE NEW HAVEN PULP AND BOARD COMPANY ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 3—decided November 26, 1940.

*Frank W. Daley,* for the plaintiff (widow of deceased employee).

No appearance for the other parties.

ELLS, J. The deceased workman left a wife and a mother, both members of his household. There were no children. The mother was wholly dependent upon him for support at the time of the injury. His wife had been gainfully employed for about twelve years before his death. The commissioner found that she was wholly dependent upon him for support, as a matter of law, and that his mother was totally dependent as a matter of fact, but awarded the entire compensation to the wife, and held that any right of the mother to share in compensation payments would not arise unless or until the wife should die or remarry within the compensation period. The mother appealed.

Three statutes govern the situation. General Statutes, § 5223, provides that "dependent" shall mean members of the injured employee's family or next of kin who were wholly or partly dependent upon his earnings at the time of the injury. Both wife and mother were concededly dependent within the meaning of this statute. Section 5234 gives compensation for fatal injuries "to those wholly dependent upon the

deceased employee at the time of his injury" and if there are no persons thus dependent, to those partially dependent.

The controversy centers upon the construction to be given § 5235, the pertinent part of which is as follows: "The following described persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she lives at the time of his injury or from whom she receives support regularly; (b) a husband upon a wife with whom he lives at the time of her injury or from whom he receives support regularly; (c) any child under the age of eighteen years, or over said age but physically or mentally incapacitated from earning, upon the parent with whom he is living or from whom he is receiving support regularly at the time of the injury of such parent, there being no surviving dependent parent. In case there shall be more than one child thus dependent, the death benefit shall be divided equally among them. In all other cases, questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury. In such other cases, if there shall be more than one person wholly dependent, the compensation in case of death shall be divided equally among them, and persons partially dependent, if any, shall recive no part thereof."

The legislature created a highly preferred class of persons conclusively presumed to be wholly dependent. In this class it naturally placed widow and children, under certain specified conditions, and declared them to be wholly dependent regardless of matters of private estate or gainful employment. In all other cases it left questions of dependency to be decided in accordance with the fact, and provided that in such other cases if there shall be more than one person wholly

dependent the compensation in case of death shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof. The use of the words "in such other cases" is the equivalent of saying that if there are no persons presumed conclusively dependent, then the compensation must be divided among those totally dependent in fact. This view is confirmed by the final sentence of § 5234 which provides: "The compensation on account of death payable under the provisions of this chapter to a widow or widower of a deceased employee shall not cease with the death of such widow or widower, but, upon her or his death within the period during which such compensation is payable, it shall continue to be paid for the remainder of such period to the other dependents of the deceased employee as defined in section 5223." This provision implies that if there is a widow or widower conclusively presumed to be totally dependent on the deceased, she or he is to receive the full compensation until her or his death.

An examination of the decisions in the Connecticut Compensation Commission Digest discloses that apparently it has always been assumed by them that compensation is not to be divided between widow and mother, under the circumstances here existing. In *Arthur* v. *Oddy,* 4 Conn. Comp. Dec. I-415, where there was a widow, totally dependent as a matter of law, and a mother, wholly dependent as a fact, the award was to the widow, but in case of her death or remarriage within the compensation period, "payments would be continued for the benefit of the mother if she survives." p. 423. We find no rulings to the contrary.

There are no decisions of this court concerning the present question. Decisions in other jurisdictions afford little assistance unless they interpret statutes substantially similar to ours. *Coakley's Case,* 216 Mass.

71, 102 N. E. 930, construes a statute which is essentially the same as our § 5235. The following words appear in the opinion: "Reading the section as a whole the purpose appears to be, though disclosed in language not completely free from obscurity, to divide the payments equally among those conclusively presumed to be wholly dependent. This is manifest by express words when there are two or more orphaned children. Equal division is provided also when, in case there is no one conclusively presumed to be wholly dependent and dependency is determined as a fact, more than one is found to be wholly dependent. This interpretation may be supported as consonant with what reasonably may be supposed to have been the intent of the Legislature." The next to the last sentence is dictum, for the case concerns the question of a division of compensation among persons of the preferred class, but it is a sound interpretation of the meaning of the entire statute as applied to persons of the second class.

We conclude that the ruling of the commissioner was correct.

The case is remanded to the Superior Court with direction to enter judgment dismissing the appeal.

In this opinion the other judges concurred.