Richard B. Montgomery, Jr., and Cicero C. Sessions, New Orleans, La., for plaintiffs.

A. J. Jones, Bogalusa, La., Bloch, McCloskey, Moore & Dennery, Moise W. Dennery and A. Brown Moore, all of New Orleans, La., for defendants.

CHRISTENBERRY, Chief Judge.

Robert H. Stuart was, on February 14, 1945, employed by Fred A. Rick, doing business as Rick Electric Company, as an electrician. On that date, while in the course and scope of his employment, which was hazardous within the provisions of the Workmen's Compensation Law of the State of Louisiana, Stuart was accidentally electrocuted and killed. This suit was brought by Rick and his compensation insurer, the Ocean Accident and Guarantee Corpora-

**OCEAN ACCIDENT & GUARANTEE CORPORATION et al. v. STUART et al.**
**Civ. No. 2513.**

United States District Court
E. D. Louisiana, New Orleans
Division.

July 27, 1950.

tion, for the purpose of requiring the various defendants to interplead and settle among themselves, their rights to the weekly compensation death benefits. The facts of the case have been stipulated by the parties, and no purpose will be served by reviewing them here. The Court finds the facts to be as stipulated, and adopts such stipulation as its findings of fact.

It is agreed by the parties that only the widow of the decedent by a second marriage and two dependent minor children of the decedent by a pre-deceased wife are entitled to participate in the death benefit payments.

The only question to be decided is how such payments are to be distributed among the widow and the two minor children. Counsel have cited no Louisiana case precisely in point, and I have found none.

The widow contends that under the Compensation Law of the State of Louisiana, as the widow of the decedent she is entitled to receive 50% of the death benefit payments. The tutor of the minor children, their uncle, on the other hand, contends that the surviving widow is entitled to receive only 33⅓% of the death benefit payments, and that each of the two minor children is entitled to receive 33⅓% of such payments.

Section 8(2)(D) of the Louisiana Workmen's Compensation Law, Act 20 of 1914, as amended, Act No. 242 of 1928, page 359, which is the section of the Law having to do with dependents, provides, inter alia, that in case there are both surviving wife and child or children entitled to compensation, the compensation due under the Act is to be paid entirely to the surviving wife for the common benefit of such wife and child or children. Paragraph G of Section 8 of the Act also provides that where there is a surviving widow and child or children entitled to compensation, the compensation shall be paid entirely to the widow for the common benefit of such widow and children. These provisions clearly contemplate a situation where the wife and child or children are residing together. The Law makes no specific provision for a case where, as here, the widow and children are not living together. Sec-

tion 8(2)(D) of the Statute does, however, provide that in all cases other than those specifically provided for in the Statute, the question of legal or actual dependency in whole or in part must be determined in accordance with the facts of the case as they exist at the time of the accident and death, and that in such cases if there is a sufficient number of persons wholly dependent to take up the maximum compensation under the Act, that is to say three persons, the death benefits shall be divided equally among them. In the instant case, there are a surviving widow and two minor children. The children, however, since some time in June, 1949, have been living with their uncle and not with the surviving widow. It is not one of those cases in which the widow is entitled to be paid the entire amount of the compensation payments for the common benefit of herself and the minor children, but clearly falls into that category of cases in which the death benefit payments are to be divided equally among those entitled to receive them. When the Statute says that the payments are to be divided equally, it can mean but one thing, namely, that the surviving dependants are to participate in such payments share and share alike. No other interpretation is reasonable.

The surviving wife relies upon Section 8(2)(E)(1) of the Act, which provides that if the widow or widower alone is the surviving dependent, she or he is entitled to receive 32½% of decedent's wages, and contends that since the maximum allowable under the Act is 65% of the wages, such 32½% is equal to 50% of the total benefits payable. I do not see how the widow can take anything from this provision. In the first place, it obviously applies to cases where the widow or widower is alone the survivor. Here, in addition to the widow there are two minor children. Furthermore Section 8(2)(E) plainly has to do with the maximum benefits payable under various circumstances of survivorship, and its provisions are not intended to qualify in any way the provisions of Section 8(2)(D), providing for equal distribution.

That the contention of the widow is unquestionably without merit becomes, I

think, plain, when we look to sub-paragraph (E)(4) of Section 8(2) of the Act. That sub-division provides that if there are two children, they are entitled to receive 46¼% of the wages. If (E)(1) of Section 8(2) means what the widow contends and she is entitled to receive 32½% of the wages, employing the same reasoning, and giving like effect to Section 8(2)(E)(4), the two minor children are entitled to receive 46¼% of the wages. Together, such payments would amount to 78¾% of the wages. That this cannot be correct is demonstrated by the fact that the maximum benefit allowed under sub-paragraph 3 of the same Section 8(2)(E), where there are a widow and two or more children, is 65% of the wages.

By no reasonable interpretation of the clear language of the Statute do I find it possible to reach any conclusion other than that the widow and two minor dependent children entitled to receive the death benefits in this case are entitled to receive such benefits in equal amounts of one-third each.

I, accordingly, have reached the following conclusions concerning the law controlling in this case:

### Conclusions of Law

1. This Court has jurisdiction over the subject-matter and the parties.

2. The sole surviving dependents of the deceased Robert H. Stuart, within the intendment of the provisions of the Louisiana Workmen's Compensation Law, are his widow, Mrs. Ilah Mai Stuart and his dependent minor children Melissia Bernice Stuart and Rita Mae Stuart.

3. Sixty-five percent of the wages of decedent being in excess of $30.00, the maximum benefit allowed under the Act, the widow and dependent minor children are entitled to such maximum benefit.

4. During the period that the widow and the two dependent minor children resided together, the widow was entitled to receive the maximum death benefit of $30.00 per week, for the common benefit of herself and the two dependent minor children.

5. From the date that the dependent minor children ceased to reside with the widow, the widow and each of the two dependent minor children is entitled to receive one-third of the compensation death benefits of $30.00 weekly.

6. Plaintiff is entitled to be discharged from all liability in the premises, except in accordance herewith.

7. Defendants will be permanently enjoined from instituting any proceeding in any State or United States Court for the recovery of said benefits, or any part thereof.

8. Plaintiffs are entitled to recover attorneys' fees as part of their costs, and the Court fixes such fees in the sum of $75.00.

9. Plaintiffs shall recover their costs, said costs to be borne by the three interpleaders, equally.

Judgment will be entered in accordance with this opinion.