LUELLA C. MEADE ET AL. *v.* L. G. DeFELICE & SON, INC., ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 5—decided November 14, 1950

*Harry P. Lander,* with whom, on the brief, was *Catherine G. Roraback,* for the appellant (plaintiff Beatrice M. Decker).

*Nathan A. Resnik,* with whom, on the brief, was *Cornelius T. Driscoll,* for the appellee (named plaintiff)

BROWN, C. J.   This is an appeal from a judgment of the Superior Court dismissing the appeal of the plaintiff Beatrice M. Decker as guardian of her two minor children from an award by the workmen's compensation commissioner for the third district.   The defendants concede liability under the act to the dependents of Frederick E. Meade, who received an accidental injury arising out of and in the course of his employment on July 1, 1948, which resulted in his death on July 3, 1948.   The sole question at issue is concerned with the division of compensation benefits during the period July 4, 1948, to September 13, 1949.

The facts are undisputed, and those material to the determination of the single question presented in argument are the following: On April 19, 1940, the decedent married Beatrice Niece, who is the plaintiff Beatrice Meade Decker, hereinafter referred to as the plaintiff.   Frederick E. Meade, Jr., born June 23, 1941,

and Carren Lee Meade, born July 18, 1943, were their only children, and both are living. On January 11, 1946, the plaintiff was granted a decree of divorce from the decedent and awarded the custody of the two children. On October 23, 1947, she married Prentice Decker. On August 24, 1948, she was duly appointed guardian of the persons and property of the two minor children. On June 29, 1946, the decedent married Luella Croto, who is the other plaintiff, and he cohabited with her and contributed to her support until he died on July 3, 1948. For two years prior to his death he paid $65 each month to the plaintiff for the support of their two minor children. On September 14, 1949, Luella married Norman R. Bjork. Compensation became payable by the defendants upon the death of the decedent at the maximum rate of $32 per week.

The commissioner held that as a matter of law Luella was wholly dependent upon the decedent for support within the meaning of the act and awarded compensation to her at the maximum rate of $32 per week for the period July 4, 1948, to September 13, 1949. He further held that the two children of the plaintiff and the decedent were wholly dependent upon him, but that until Luella's remarriage on September 14, 1949, her rights as widow were paramount to those of his two children. He therefore awarded compensation to them at the maximum rate of $32 per week commencing September 14, 1949, to be paid to the plaintiff as their mother and guardian. It is her claim that during the period of Luella's widowhood the compensation found due should be divided equally, one-third to Luella and two-thirds to the plaintiff as guardian of the two children, each of whom would receive the benefit of one-third. The question so presented is one of statutory construction, the determination of which

is decisive of the appeal.

Section 7428 of the General Statutes relative to compensation in death cases provides for payment, in the amounts specified, first, for burial expenses, second, "to those wholly dependent," and third, "in case there shall be no one wholly dependent . . . to those partially dependent." Section 7429 specifies as persons "conclusively presumed to be wholly dependent . . .: (a) A wife upon a husband with whom she lives at the time of his injury . . . (c) any child under the age of eighteen years . . . upon the parent . . . from whom he is receiving support regularly at the time of the injury of such parent, there being no surviving dependent parent. In case there shall be more than one child thus dependent, the death benefit shall be divided equally among them. In all other cases, questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury. In such other cases, if there shall be more than one person wholly dependent, the compensation in case of death shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof." The statute further provides that a widow's dependence shall terminate upon her remarriage and that thereupon the compensation shall continue to be paid, for the remainder of the period during which it is payable, to other dependents. Under this provision, Luella's right terminated upon her remarriage. While Beatrice is a surviving parent of the dependent minor children, it is undisputed that she was not "dependent" upon the decedent within the provisions of § 7428 or § 7429. The two children therefore fall within the terms of clause (c) of the latter section.

Section 7429 expressly provides that, where it is determined as a question of fact that more than one person is wholly dependent, compensation shall be divided

equally. The statute does not provide in terms for division of compensation where more than one are wholly dependent as a matter of law. Luella argues that this omission indicates a legislative intent that there shall be no division in such a situation. To so hold would leave these minor children, who by the express terms of the act are wholly dependent, totally unprovided for, in contravention of the established beneficial purpose and intent of the Workmen's Compensation Act. *Piccinim* v. *Connecticut Light & Power Co.,* 93 Conn. 423, 429, 106 A. 330; *Bassett* v. *Stratford Lumber Co.,* 105 Conn. 297, 303, 135 A. 574. Although by the terms of the statute Luella and the decedent's two children are conclusively presumed to be wholly dependent, it contains no express provision either for priority in the widow or for equal participation by the widow and children upon such facts as are here presented. "The Compensation Act is to be construed with sufficient liberality to carry into effect the beneficent purpose contemplated in that legislation, and not to defeat that purpose by narrow and technical definition. *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 146, 93 Atl. 245." *Massolini* v. *Driscoll,* 114 Conn. 546, 553, 159 A. 480. Under § 7429, equality is provided as to those who are wholly dependent in fact, and also as to those children wholly dependent as a matter of law. Applying the canon of construction just quoted, we conclude that the principle of equal division between those wholly dependent should be extended to cover the very similar situation in the case at bar. It follows that the commissioner should have awarded one-third of the compensation due for the period July 4, 1948, to September 13, 1949, to Luella and the remaining two-thirds to the plaintiff as guardian of her two children, for equal division between them.

While the question has not heretofore been con-

sidered by this court, the Supreme Court of Massachusetts, in construing a statute of that state which was essentially the same as our § 7429, reached an identical conclusion. *Coakley's Case,* 216 Mass. 71, 73, 102 N. E. 930. In the course of its opinion, the court says: "Reading the section as a whole the purpose appears to be, though disclosed in language not completely free from obscurity, to divide the payments equally among those conclusively presumed to be wholly dependent. This is manifest by express words when there are two or more orphaned children. Equal division is provided also when, in case there is no one conclusively presumed to be wholly dependent and dependency is determined as a fact, more than one is found to be wholly dependent. This interpretation may be supported as consonant with what reasonably may be supposed to have been the intent of the Legislature." Luella relies upon two of our own decisions as authority entitling her to receive the entire amount of compensation for the period in question— *Whalen v. New Haven Pulp & Board Co.,* 127 Conn. 394, 396, 17 A. 2d 145, and *Morrill v. Hartford Painting & Decorating Co.,* 132 Conn. 169, 170, 43 A. 2d 74. Neither is in point. In both, the controversy arose between those on the one hand who by the express provisions of the statute were conclusively presumed to be wholly dependent as a matter of law and those on the other who were not so presumed to be wholly dependent. They hold no more than that one who is conclusively presumed to be dependent is in a class which is preferred over any dependent who is not in the same class. Neither case holds that any distinction as to priority of rights should be made among those who are all in the class of conclusively presumed dependents.

There is error, the judgment is set aside and the case is remanded for the rendition of judgment returning

the case to the workmen's compensation commissioner to be proceeded with in accordance with this opinion. In this opinion the other judges concurred.