Sophia Sudol v. Town of Manchester

Brown, C. J., Jennings, Baldwin, Inglis and O'Sullivan, Js.

Argued December 7, 1950—decided January 30, 1951

*Charles S. House*, with whom, on the brief, was *David R. Hubbard*, for the appellant (defendant).

*Jay E. Rubinow*, with whom was *Leon Podrove*, for the appellee (plaintiff).

INGLIS, J. The question in this case is whether the court erred in sustaining an appeal from the decision of the workmen's compensation commissioner that compensation for the death of an employee originally awarded to his widow should not be continued to a child of the employee after the death of the widow, that child having attained the age of eighteen after the death of the employee but before the death of the widow.

In a finding and award filed October 17, 1946, the commissioner found that John Sudol died on August 12, 1946, from injuries arising out of and in the course of his employment by the defendant and that surviving were a widow, Pauline, and a minor child, Sophia, then seventeen years of age, "both of whom were totally dependent upon the deceased at the time of his injury." The commissioner awarded compensation to the widow for 312 weeks at the rate of $21.86 per week. In April, 1949, Sophia applied to the commissioner for an award continuing the compensation to her. Upon this application, the commissioner entered a supplemental finding and award. In it, after a reference to the finding in the original award that there was a dependent child, he found that the widow had died and that the child was surviving but was over the age of eighteen years and was not mentally or physically incapacitated. The commissioner concluded that "inasmuch as under the statute the presumptive dependence of a child, except a child physically or mentally incapacitated from earning, terminates at the age of eighteen years and since the record does not disclose that the child is mentally or physically incapacitated, the motion that the allowance be continued to her is denied." The Superior Court entered judgment sustaining an appeal from this decision and remanding the case to the commissioner for further hearing and award to the plaintiff, Sophia.

The provisions of the statutes which are relevant to this case are to be found in General Statutes, §§ 7416, 7428 and 7429. Section 7416 states that "dependent" under the Workmen's Compensation Act "shall mean members of the injured employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee at the time of the injury." Section 7428 provides, among other things, that compensation on account of death shall be paid "to those wholly dependent upon the deceased employee at the time of his injury" for not longer than 312 weeks. It includes the following provision: "The compensation on account of death payable under the provisions of this chapter to a widow or widower of a deceased employee shall not cease with the death of such widow or widower, but, upon her or his death within the period during which such compensation is payable, it shall continue to be paid for the remainder of such period to the other dependents of the deceased employee as defined in section 7416." The relevancy of § 7429 lies in the fact that it distinguishes between dependents who are conclusively presumed to be such and those who are dependent as a matter of fact. It reads in part as follows: "The following-described persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she lives at the time of his injury or from whom she receives support regularly; (b) a husband upon a wife . . . (c) any child under the age of eighteen years, or over said age but physically or mentally incapacitated from earning, upon the parent with whom he is living or from whom he is receiving support regularly at the time of the injury of such parent, there being no surviving dependent parent . . . . In all other cases, questions of dependency shall be determined in accordance with the fact, as the fact may be at the time

of the injury. . . . The presumptive dependence of a child as hereinbefore defined, except a child physically or mentally incapacitated from earning, shall be construed to terminate at the age of eighteen years."

The crux of this case is that, in the original proceeding, the commissioner found that Sophia was wholly dependent upon the deceased employee at the time of his injury. She was not then dependent by virtue of the presumption created in § 7429, because she did not fall within the description of those presumptively dependent. Although she was a child under eighteen years of age, her mother was then living and was a "surviving dependent parent." The original finding of the commissioner that Sophia was a dependent of the deceased, therefore, can have but one interpretation — that she was a dependent as a matter of fact. Although under the statute the presumptive dependency of a child is construed to terminate at the age of eighteen, actual, factual dependency does not necessarily terminate then. Actual dependency continues until the child either becomes self supporting or is afforded full support from other sources.

It is true that, by virtue of General Statutes, § 7434, it is competent for a commissioner to modify an award whenever it appears after hearing "that the measure of dependence on account of which the compensation is paid has changed." *Storms* v. *New Departure Mfg. Co.*, 97 Conn. 332, 335, 116 A. 611. Formal application therefor is, however, a prerequisite to modification of an award upon this ground. *Henderson* v. *Mazzotta*, 113 Conn. 747, 750, 157 A. 67; *Saddlemire* v. *American Bridge Co.*, 94 Conn. 618, 625, 110 A. 63. In the present case, the commissioner did not purport to act pursuant to § 7434. He made no finding that the measure of Sophia's actual dependence had changed. He based his decision solely on the ground that some presump-

tive dependence, which she never had, would have terminated when she reached eighteen years of age.

The case, then, is this: The commissioner found originally that Sophia was in fact a dependent of the deceased employee. He has never found that there has been a change in the measure of her actual dependency. Her dependency, being one of fact and not one created by presumption, did not terminate by reason of her becoming eighteen years of age. She was still, therefore, a "dependent" as that term is defined in § 7416. As a dependent in fact, she was, after the death of her mother, who was the presumptive dependent, entitled under § 7428 to have the compensation continued and paid to her. See *Meade* v. *L. G. DeFelice & Son, Inc.*, 137 Conn. 292, 76 A. 2d 862.

There is no error.

In this opinion the other judges concurred.