No. 19,516.

Randy Laverne Spoo and Terrence Lee Spoo, Minors, etc., et al. *v*. Doris E. Spoo, et al.

(358 P. [2d] 870)

Decided January 16, 1961.

Messrs. McComb, Zarlengo and Mott, for plaintiffs in error.

Mr. Harold Clark Thompson, Mr. Louis Schiff, Mr. Alious Rockett, Mr. Fred B. Dudley, for defendant in error State Compensation Insurance Fund.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by Mr. Justice Doyle.

The plaintiff in error, Ilah Jean Haney, is the mother of the minor plaintiffs in error, Randy Laverne Spoo and Terrence Lee Spoo. The decedent was formerly the husband of Ilah Jean Haney, who will be called the mother, the parties having been divorced on September 3, 1954. Subsequently, on May 5, 1956, the deceased married Doris Spoo, who will be referred to as the widow. The decedent's death was admittedly the result of injuries incurred in the course of his employment on October 30, 1958. Notice and claim for compensation was duly filed with the Industrial Commission on November 26, 1958, by Ilah Jean Haney on behalf of the minor children who were at the time of this hearing 11 and 9 years of age.

The matter was heard before a referee of the Industrial Commission on June 29, 1959, and the sole issue was that of distribution as between the children and their stepmother, the widow. An order disposing of the claims was entered on July 2, 1959. In substance, the referee's award, which was later affirmed by the Industrial Commission, awarded $101.25 per month to Doris Spoo and $58.00 per month to the two minor children (the total compensation payable was $159.25 per month).

The petition for review was filed by the two minor children, alleging that the findings of the referee were erroneous. They contend that as a matter of fact and of law the total amount should have been divided on a one-third to each claimant basis. Subsequently, the referee's order became the award of the Commission and this in turn was affirmed by the district court.

It is to be noted that the referee found that the widow and both of the minor children were wholly dependent upon the decedent.

There is no dispute in the evidentiary matter submitted to the Industrial Commission. The referee received evidence with respect to the income of the minor children and the widow and also evidence pertaining to the need of all. It would appear from this evidence that the mother of the minor children earns a total of $315.00 per month take-home pay — that her gross salary is $360.00 per month. The referee apparently misunderstood this testimony because he found that she had net earnings of $350.00 per month. He also found that the mother has two other children by a second marriage and that she had been divorced from her second husband, Haney. The children receive $133.80 per month from the Social Security Board. The widow earns $32.00 to $35.00 per week working part time for a florist. Prior to her marriage she had been a teller at a bank but had not returned to that type of work. Following the death of her husband she returned to school for the purpose of learning to become a florist. According to her testimony,

she was suffering from a nervous condition resulting from the death of her husband. However, no medical evidence was presented to show her as being incapable of working full time. Her support is derived, at least in part, from her parents. Other evidence adduced at the hearing disclosed that both the widow and the mother are indebted in amounts exceeding $2,000.00.

It is earnestly contended by counsel for the minor children that the statutory provision, C.R.S. '53, 81-11-1, which provides that the wife and minor children of the decedent "shall be conclusively presumed to be wholly dependent" reduces the present controversy to one of law. The argument is that this statute places the wife and the minor children in exactly equal positions of dependence and it thus prohibits the exercise of discretion as between these claimants. It is said that each of the three defendants should have been awarded one-third of $159.25. It is to be noted, however, that C.R.S. '53, 81-11-16, authorizes the Commission to apportion the benefits among the dependents of the decedent. The pertinent language of this section is:

"Death benefits shall be paid to such one or more of the dependents of the decedent for the benefit of all the dependents entitled to such compensation as may be determined by the commission who may apportion the benefits among such dependents in such manner as it may deem just and equitable."

Undoubtedly the General Assembly did not foresee a controversy like the present one involving, as it does, the children of decedent as against a second wife. The language of this section would indicate that it was the intent of the Assembly to vest the Commission with some apportioning power, first among those claiming to be dependents whose status depends upon proof of their dependency, and second, those dependents whose status is fixed by statute. No specific provision prescribes an equal apportionment among dependents such as is claimed here by counsel for the minor children. It does

not follow from the language "conclusively presumed to be wholly dependent," when read in conjunction with 81-11-16, supra, that all such dependents must, as a matter of law, be treated on an equal basis. To so conclude would be to ignore the express provisions of 81-11-16. Such construction could conceivably produce an exaggerated fact situation and an absurd result. For example, if the claimants consisted of a widow and six children it would be illogical to require that each receive one-seventh.

We now consider the further contention of counsel for the minor children that assuming that discretion is vested in the Commission, it was nevertheless abused in this instance. The basis for the referee's award was that the Social Security payments of $133.80 per month sufficiently defray the living expenses of the minor children. For that reason, the award of $58.00 was directed to be deposited in The Central Bank and Trust Company in trust for the future education of the boys. The referee concluded that an equitable division of the monthly payments required the award of $101.25 to the widow. This was predicated on the fact that her physical condition would allow her to work part time only. The finding on this subject reads:

"Doris E. Spoo, the decedent's widow, is presently employed part time at approximately $30.00 per week and is unable to work full time because of her physical condition.

\* \* \*

"The referee is of the opinion that an equitable division of monthly payments to the dependents, considering all of the facts and the need of the parties, is $101.25 per month to the widow, Doris E. Spoo, and $29.00 per month each to Randy La Vern Spoo and Terrence Lee Spoo, and so finds."

The Commission noted that the mother of the children was required to pay a housekeeper $125.00 per month for the care of her children and that she had substantial

other expenses. The undisputed evidence further established that her total fixed expenses were well in excess of $500.00 per month, and she thus had a monthly deficit approaching $100.00. Notwithstanding these undisputed facts, the Commission deduced that the Social Security payments to the minors furnished adequate compensation for their living expenses, and on this point concluded:

"The Referee is of the opinion that the Social Security payments of $133.80 per month applied by Mrs. Haney to the family living expense, equitably defrays the share of the living expense of the family chargeable to the Spoo boys, and so finds."

Even assuming the Commission's premise that the widow was unable to work full time due to her physical condition, the award cannot be justified. First, the actual dependence of the minor children exceeds that of the widow. They have no earnings of their own and must look to the Social Security benefits, together with the earnings of their mother, for support. On the other hand, the widow is able to work at least part time; is an adult and thus can look to her own earnings. Secondly, in terms of actual income, the award is inequitable. There is no justification for the referee's assumption that the costs of raising these two children were less than the cost of the widow's support. We are persuaded that the award is inequitable and consequently not in accord with the requirements of 81-11-16 which limits the discretion of the Commission to that which is "just and equitable." To give the lion's share of the available money to the widow and to slight the children as the Commission did, under the facts disclosed by the evidence here, cannot be considered a proper discharge of the Commission's obligation under the statute. Cf. 2 Larson Workmen's Compensation Law 129, sec. 64.30, *Priorities and Sharing among Multiple Dependents.*

Counsel for the plaintiffs in error urge that the avail-

able amount be divided into one-third shares. We consider such division to be fair and equitable under the circumstances, and think an award of less than this percentage to the children would amount to an abuse of discretion.

Undoubtedly the Commission was concerned that the money awarded to the children might be diverted by their mother to her personal uses, or to the use of her children by her second marriage. However, under the statute, the Commission has ample power to implement its order so as to prevent any such injustice. Furthermore, the Commission should re-examine its former order in the light of these comments and should reconsider its conclusion that the total award to the children be deposited in trust for their future education.

The judgment is reversed and the cause remanded with directions for further proceedings consistent with the views expressed herein.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concur.