(No. 41499.—

MARY JANE SNYDER, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.,*—(Marie L. Snyder *et al.,* Appellees.)

*Opinion filed January 29, 1969.*

Robert G. Graham, of Moline, for appellant.

William B. Schroder, Jr., of Rock Island, for appellees.

Mr. Justice Underwood delivered the opinion of the court:

This case requires an interpretation of section 7(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1963, ch. 48, par. 138.7) to determine whether appellant is entitled to the benefit of the Act as a surviving child whom the deceased employee "was under legal obligation to support at the time of his accident, * * *."

On September 25, 1964, Marvin Snyder was killed in Illinois while engaged in the course of his employment for KKLP, a joint venture including appellee Palumbo Excavating Company and others. He was survived by his widow, Marie L. Snyder, and his daughter by a prior marriage, Mary Jane Snyder, both of whom filed applications for adjustment of claim with the Industrial Commission. The arbitrator made an award in favor of the widow, finding that the daughter was over the age of 18 years at the time of her father's death, emancipated and therefore not entitled to compensation. The Industrial Commission and the circuit court of Rock Island County agreed. The daughter appealed.

It is undisputed that Mary Jane and her mother resided and were domiciled in the State of Minnesota. The Minnesota district court in 1960 granted Mary Jane's mother a

divorce from Marvin, awarding the mother permanent custody of Mary Jane, then 14, and ordering the father to pay $25 per week for the daughter's support until she became self-supporting, emancipated or 21. Thereafter Mary Jane and her mother continued to reside and maintain their domicile in Minnesota. Marvin paid only $1,070 in support, making no payments subsequent to June, 1963, and a total of $4,955 was due and unpaid as of the date of his death. At that time Mary Jane was 19 years of age.

The pertinent provisions of section 7 of the Workmen's Compensation Act are as follows:

"§ 7. The amount of compensation which shall be paid for an accidental injury to the employee resulting in death shall be:

"(a) If the employee leaves any widow, child or children whom he was under legal obligation to support at the time of his accident, a sum equal to 9.25 times the average earnings of the employee, but not less in any event than $10,250 and not more in any event than $13,500. When an award has been made under this paragraph, where the deceased left at the time of his death a widow and one child under 18 years of age surviving him, the compensation payments and death benefits to the extent the same were increased because of the existence of said child, insofar as same have not been paid, shall cease and become extinguished when said child arrives at the age of 18 years, if said child is physically and mentally competent at that time.

"In the event of the remarriage of a widow, where the deceased did not leave him surviving any child or children whom he was under legal obligations to support at the time of said accident, the number of weeks of compensation remaining unpaid and falling due after such remarriage shall be reduced by 50%.

"The term 'such child' means a child whom the deceased employee left surviving him including a posthumous child

or a child legally adopted before the accident, and who, at the time of the employee's death was under 16 years of age or who at the time of the employee's death had reached 16 but was still under 18 and was then not emancipated and is shown to have been substantially dependent upon the employee for support. The term 'such children' means the plural of 'such child'.

"1. Whenever in paragraph (a) of this Section a minimum of $10,250 is provided, such minimum shall be increased in the following amounts:

> $11,200 in case of 1 such child;
> $11,640 in case of 2 such children;
> $12,830 in case of 3 or more such children.

"2. Whenever 9.25 times the average annual earnings of the deceased employee as provided in paragraph (a) of this Section amounts to more than $10,250 and to less than $13,500, the amount so payable under said paragraph shall be increased as follows:

In case of 1 such child the amount so payable shall be increased $950.00;

In case of 2 such children the amount so payable shall be increased $1140.00;

In case of 3 or more such children the amount so payable shall be increased $1330.00.

Provided, however, that the amounts payable under this subparagraph 2 shall in no case exceed the maximum amounts payable under subparagraph 3 hereof.

"3. Whenever in paragraph (a) of this Section a maximum of $13,500 is provided, such maximum shall be increased in the following amounts:

> $14,000 in case of 1 such child;
> $15,000 in case of 2 such children;
> $16,000 in case of 3 such children;
> $17,500 in case of 4 or more such childrer

The widow contends that in order to receive compensation under this statute a child must be under 18 years of age, unemancipated, and substantially dependent on the employee for support. She points to the statutory age limitation of 18 in section 7 and the fact that in this State females reach their majority at 18 as authority for her contention. Resolution of this question requires a careful reading of section 7. It provides initially "The amount of compensation * * * shall be: (a) If the employee leaves any widow, child or children *whom he was under legal obligation to support* at the time of his accident, * * *." (Our emphasis.) No mention of any age limitation or requirement of actual dependency appears. Paragraph (a) continues by stating that the subsequently provided increases in compensation resulting from the presence of a child under 18 shall terminate when that child becomes 18, if he is then physically and mentally competent.

In the third paragraph of 7(a) the terms "such child" and "such children" are defined as to age and dependency, and it is these definitions upon which the widow relies to bar the daughter. But these definitions seem to us clearly limited to the later use of the defined terms in subparagraphs 1, 2 and 3 which provide increased amounts of compensation where "such child" or "such children" survive, for it is only in those subparagraphs that these terms appear. Only in cases where "such child" or "such children" meet the age and dependency requirements of the third paragraph definitions may the compensation be increased as provided by subparagraphs 1, 2 and 3. Paragraph (a) however requires only a surviving child as to whom the deceased employee was under a legal obligation to support as a sufficient basis for the primary award without the increments subsequently authorized by subparagraphs 1, 2 and 3 for dependency. See *Roseberry* v. *Industrial Com.,* 33 Ill.2d 520; *Siete* v. *Industrial Com.,* 24 Ill.2d 368; *M. Martin Polokow Corp.* v. *Industrial Com.,* 336 Ill. 395, 398; *Purity Baking Co.* v.

*Industrial Com.,* 334 Ill. 586; *H. G. Goelitz Co.* v. *Industrial Board,* 278 Ill. 164, 168-69; T. Angerstein, 2 Ill. Workmen's Compensation Act 162-63 (rev. ed.).

When the legal obligation of support is based upon the common-law duty of a parent to support his minor child and both the parent and the child are domiciled in Illinois, we might properly look to the domestic relations law of Illinois to determine if any such obligation arose, and, if so, when it ceases to exist (as through emancipation, the child's attaining his majority, *etc.*). (See *e.g., Panther Creek Mines* v. *Industrial Com.,* 296 Ill. 565.) Such, however, is not the case here. Mary Jane Snyder, a Minnesota domiciliary, relies upon the duty of a father to support his minor daughter as found in Minnesota law and as imposed upon her father by decree of a Minnesota court of competent jurisdiction. Whether this obligation has ceased is a matter of Minnesota law and depends upon the terms of the decree.

The 1960 order of the Minnesota District Court required Marvin Snyder, the now-deceased employee, to contribute to the support of his daughter until she became self-supporting, emancipated or 21 years of age. (Under the law of Minnesota the age of majority of both sexes is 21 years.) The evidence in the record fails to show that Mary Jane has been self-supporting, she has not married nor become otherwise emancipated, and at the time of her father's death she had not arrived at her twenty-first year.

The State of Minnesota has decided that females reach the age of majority at 21 and extends the protection afforded a minor to a female domiciled there up to that age. There is no conflict of laws or public policies here even though our legislature has stated that females reach their majority at 18 (Ill. Rev. Stat. 1963, ch. 3, par. 131), and a female domiciled in Illinois would ordinarily lose the status of a minor at that time. (There are Illinois cases in which females domiciled in Illinois and who had attained

their majority were presumed not to be able to claim under section 7, e.g., *Beckemeyer Coal Co.* v. *Industrial Com.*, 370 Ill. 113.)

The purpose of section 7 of the Workmen's Compensation Act is to provide some compensation to persons who were dependent upon the deceased employee for support. Section 7(a) sets up a category of persons who are made wholly dependent by operation of law because the deceased employee was under a legal obligation to support them. The purposes of the Act will be served best by including within this category surviving children domiciled in a sister State who were protected by a legal obligation of support imposed by the law of the domiciliary State upon an employee dying under the provisions of the Illinois Workmen's Compensation Act. The arbitrator, affirmed by the Industrial Commission and the circuit court, mistakenly applied Illinois domestic relations law to limit for purposes of this Act an otherwise valid legal obligation imposed by a Minnesota court using the Minnesota law governing dissolution of a family relationship involving Minnesota residents.

We accordingly hold that the daughter, Mary Jane, qualifies as a beneficiary under section 7(a) of the Workmen's Compensation Act and is entitled to participate in the award as well as the widow, Marie Snyder.

In order that the extent of the daughter's participation in the award may be determined she asks that we remand this case to the Commission pursuant to section 7(e) which provides: "* * * the respective shares to be in the proportion of their respective dependency at the time of the accident on the earnings of the deceased" so that the Commission may hear evidence and determine the degree of dependency of the widow and daughter. This suggestion assumes, however, that actual dependency upon decedent is a condition precedent to an award to a 7(a) beneficiary. As pointed out earlier herein, the legislative intent evident from the statutory wording is to the contrary, and those bene-

ficiaries (widows and children) named in 7(a) qualify for an award whether actually dependent or not so long as decedent "was under legal obligation to support" them. In our opinion section 7(e), as it deals with apportionment of compensation according to actual dependency, was intended to apply only to apportionment of compensation among claimants under (b), (c) or (d) when dependency is a question of fact.

The law of the other jurisdictions varies in the area of apportionment of an award among those conclusively presumed to be wholly dependent. Some States give the Industrial Commission broad discretion (*e.g.*, *Spoo* v. *Spoo*, 145 Colo. 268, 358 P.2d 870; *Sizemore* v. *Industrial Com.* 4 Utah 2d 126, 288 P.2d 788), others provide for equal sharing by statute (*e.g.*, *Wilson* v. *Utah Construction Co.* 243 N.C. 96, 89 S.E.2d 864) and when the statute is silent some States have divided the award equally. *See Ocean Accident & Guarantee Corp.* v. *Stuart* (E.D. La. 1950), 92 F. Supp. 225; *Meade* v. *L. G. DeFelice & Son, Inc.*, 137 Conn. 292, 76 A.2d 862; *Coakley* v. *Coakley*, 216 Mass. 71, 102 N.E. 930; 2 Larson, Workmen's Compensation Law, § 64.30 (1961).

We agree with the last cited authorities that the legislative intent is best served in cases where multiple 7(a) claimants survive by granting each an equal share of the award.

Accordingly, the judgment of the circuit court of Rock Island County is reversed and the cause is remanded to the Industrial Commission to divide the award equally between the widow, Marie Snyder, and the daughter, Mary Jane Snyder.

*Reversed and remanded, with directions.*