[No. 1900–3.  Division Three.  November 28, 1977.]

DELORES GASSAWAY, *Appellant,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, ET AL., *Respondents.*

*Critchlow, Williams, Ryals & Schuster* and *Rembert Ryals*, for appellant.

*Slade Gorton, Attorney General, Gomer L. Cannon, Assistant, Elofson, Vincent, Hurst & Crossland,* and *David K. Crossland,* for respondents.

MUNSON, C.J.—This is an appeal from the trial court's affirmance of an order by the Board of Industrial Insurance Appeals, allocating authorized benefits under Laws of 1972, 1st Ex. Sess., ch. 43, § 19, p. 88 (RCW 51.32.050(2) as it was worded at the time of decedent's death).

Percy R. Gassaway died April 25, 1973, in an accident covered by the Washington Industrial Insurance Act. He was survived by three natural children by his former wife Delores, his widow Sally Gassaway, and a stepchild. His former wife Delores has legal custody of his three natural children.

Laws of 1972, 1st Ex. Sess., ch. 43, § 19, p. 88 provided a statutory limitation on the maximum monthly benefits allowed: "In no event shall the monthly payments provided in this subsection exceed seventy-five percent of the average monthly wage in the state as computed under RCW 51.08.018." The Department of Labor and Industries determined that the maximum monthly payment allowed decedent's beneficiaries was $508. On November 29, 1974, the Board of Industrial Insurance Appeals entered a decision and order that decedent's widow and stepchild were to receive 62/68 of $508 (or $463.18) per month and decedent's three natural children were to receive 6/68 of $508 (or $42.82) per month, the latter amount to be divided equally among the three natural children. On behalf of decedent's three natural children, Delores Gassaway appealed the Board's decision to the Superior Court and has now appealed that court's affirmance.

The issue is what proportion of the maximum monthly payment is made to the person having legal custody of

decedent's children who are not residing with decedent's widow.

We acknowledge that a child's allocation under the Industrial Insurance Act "is distinct from and not a part of the parent's pension as such." *Anderson v. Department of Labor & Indus.*, 40 Wn.2d 210, 215, 242 P.2d 514 (1952); *accord, Sweeney v. Reading Co.*, 146 Pa. Super. 539, 23 A.2d 66 (1941). Further, any payments made on behalf of decedent's natural children should be made to the person having legal custody. RCW 51.32.010.

Since the statute does not specifically state the allocation of the benefits when the decedent's widow and all the decedent's children are not living together, appellant contends that the maximum monthly benefits are to be divided equally among the beneficiaries. *Snyder v. Industrial Comm'n*, 42 Ill. 2d 18, 244 N.E.2d 601 (1969).

In *Snyder* the decedent, who was divorced, had remarried. He was killed in an industrial accident and his widow and a child by his former marriage, then living in Minnesota, filed claims for death benefits. The circuit court affirmed the Industrial Commission's affirmance of an arbitrator's award to the widow, excluding the child, in that she was over the age of 18 years at the time of the father's death, 18 being the legal age of majority in Illinois. However, the Minnesota divorce decree required the decedent to support his daughter until she was self-supporting, emancipated, or 21 (the age of majority in Minnesota). There was no evidence the daughter was within any of these disqualifications. The Supreme Court concluded that the daughter was a dependent child within the Illinois statute and noted at page 25:

> The law of the other jurisdictions varies in the area of apportionment of an award among those conclusively presumed to be wholly dependent. Some States give the Industrial Commission broad discretion (*e.g., Spoo v. Spoo*, 145 Colo. 268, 358 P.2d 870; *Sizemore v. Industrial Com.*, 4 Utah 2d 126, 288 P.2d 788), others provide for

equal sharing by statute (*e.g., Wilson v. Utah Construction Co.* 243 N.C. 96, 89 S.E.2d 864) and when the statute is silent some States have divided the award equally. *See Ocean Accident & Guarantee Corp. v. Stuart* (E.D. La. 1950), 92 F. Supp. 225; *Meade v. L. G. DeFelice & Son, Inc.,* 137 Conn. 292, 76 A.2d 862; *Coakley v. Coakley,* 216 Mass. 71, 102 N.E. 930; 2 Larson, Workmen's Compensation Law, § 64.30 (1961).

We agree with the last cited authorities that the legislative intent is best served in cases where multiple 7(a) claimants survive by granting each an equal share of the award.

■ As noted in 2 A. Larson, *The Law of Workmen's Compensation* §§ 64.20 and 64.30 (1976), there are diverse methods of apportioning benefits. However, in interpreting legislative intent in adopting RCW 51.32.050(2) it is clear the legislature awarded the widow 60 percent of the wages of the decedent, subject to the limitation that "[i]n no event shall the monthly payments . . . exceed seventy–five percent of the average monthly wage . . . as computed under RCW 51.08.018."

In this state the Board of Industrial Insurance Appeals lacks the discretion to distribute the monthly payments to the beneficiaries on an equal basis. *Anderson v. Department of Labor & Indus., supra.* In the absence of any legislative authority allowing such equal distribution and in light of the statutory increments accorded each additional dependent child, we conclude that RCW 51.32.050(2) reflected the legislative intent that if a widow and five or less dependent children survive, but all the dependent children are not living with the widow, each dependent child is entitled to an allocation of 2 percent of the monthly payment. We decline to adopt the conclusionary reasoning of *Snyder.*[1]

---

[1] In all the cases relied upon by the *Snyder* court, *Ocean Accident & Guarantee Corp. v. Stuart,* 92 F. Supp. 225 (E.D. La. 1950); *Meade v. L.G. DeFelice & Son, Inc.,* 137 Conn. 292, 76 A.2d 862 (1950); *Coakley's Case,* 216 Mass. 71, 102 N.E. 930 (1913), there existed statutory authority which provided a basis for equal distribution to beneficiaries.

This position is further buttressed by the legislative amendment in 1975[2] which stated that if the widow did not have legal custody of the dependent children, each such child was entitled to an allotment of 5 percent of the wage of the deceased worker, but such award was not to exceed 25 percent of the decedent's wages.

Therefore, the trial court's affirmation of the Board of Industrial Insurance Appeals was proper, and we affirm.

GREEN and MCINTURFF, JJ., concur.

[2]RCW 51.32.050(2)(g), enacted in Laws of 1975, 1st Ex. Sess., ch. 179, § 1, pp. 613–14.