271 P.2d 842

**NEW PARK MINING CO. et al.**

v.

**INDUSTRIAL COMMISSION et al.**

No. 8121.

Supreme Court of Utah.

June 21, 1954.

---

Charles Welch, Jr., Jack Fairclough, Salt Lake City, for appellants.

E. R. Callister, Jr., Atty. Gen., A. R. Hurley, Salt Lake City, for respondents.

WADE, Justice.

Certiorari to review an order of the Industrial Commission wherein the New Park Mining Co. and its insurer are required to continue payment of an award to a child of a deceased employee. The award was made to the dependent wife and child for the death of the employee resulting from injuries received during the course of his employment. After the child reached 18 years decedent's wife remarried, whereupon in accordance with the provisions of Sec. 35–1–73, U.C.A.1953, appellants were ordered by the Commission to pay the wife one-third of the unpaid balance of the award in a lump sum. The remaining two-thirds was ordered to be paid to the son who had been a dependent at the time of decedent's injury and death. Appellants paid the wife the one-third of the unpaid balance of the basic award. However, they contend that the son is not entitled to the remaining two-thirds of the award to the family unit in the absence of a showing of actual dependency at this time because he having reached 18 years the presumption provided in Sec. 35–1–71, U.C.A.1953, that he is a dependent is no longer applicable in the absence of evidence to that effect.

Since the inception of our Workmen's Compensation Act in 1917 the Industrial Commission has interpreted it to mean that in cases where death benefit awards are made "dependency" is determined as of the time of death. Also, once having determined the fact of "dependency" the basic award does not cease in the absence of legislation specifically providing for such lapse under certain conditions, as for example, the provision for the increase of 5% in the basic award for the children of decedent, which increase is abated upon the "death, marriage, attainment of the age of eighteen years, or termination of dependency". Sec. 35–1–74, U.C.A.1953.

On the subject of revision and termination of death benefits under Workmen's

Compensation Laws generally the author in Larson's Workmen's Compensation Laws, vol. 2, § 64.40, page 131 says:

"Once rights as a dependent under an award have been acquired, they are not lost by a subsequent change in the dependent's financial position, nor by any change short of the events, such as remarriage, or attainment of a specified age, *expressly terminating compensation by statute.*" (Emphasis ours.)

And in Boudreaux v. Myles Salt Co., 11 La.App. 480, 123 So. 907, the court in determining the question whether dependency has ceased and therefore compensation should cease, quoted with approval the following from Workmen's Compensation by Boyd, vol. 2, § 496:

" 'Money which comes to a dependent on the death of a workman does not affect the question of whether or not he is dependent upon his earnings at the time of the death of the workman. What the law intends is the condition immediately before the death of the workman.' "

See also Wisconsin Bridge & Iron Co. v. Industrial Comm., 222 Wis. 194, 268 N.W. 134; State ex rel. Crookston Lumber Co. v. District Court, 131 Minn. 27, 154 N.W. 509, (since changed by statute, Merchants Trust Co. of St. Paul v. G. Somers & Co., 200 Minn. 281, 274 N.W. 175), London Guarantee & Accident Co. v. Industrial Accident Comm., 203 Cal. 12, 263 P. 196, and Hartford Accident and Indemnity Co. v. Industrial Accident Comm., 197 Cal. 17, 239 P. 330.

In the instant case there can be no question about the initial finding by the commission on dependency since under the provisions of Sec. 35–1–71, U.C.A. 1953, there is a conclusive presumption that a child under the age of 18 years is dependent upon his parents. The question we have to determine is what effect a subsequent event, such as attainment of the age of 18 years by a dependent, has upon the basic award. That in turn depends upon our statutes. Since our statutes have nowhere expressly terminated the basic compensation awarded a dependent, in contrast to the additional 5% which abates upon attainment of 18 years of age of a child, we conclude that his attainment of the age of 18 years did not change the rights of the son in the basic award to the family unit. In Davis v. Industrial Comm., 109 Utah 87, 164 P.2d 740, this court held that a family unit award was indivisible and the coming of age, marriage or death of any of the children could have no effect on the entire award and that the amount of the award for any remaining member of the family unit could not be reduced by any act except perhaps by the remarriage of the wife. Since the wife did remarry in the instant case the Commission properly reduced the

award to the remaining member of the original family unit to two-thirds of the award.

The order of the commission is affirmed.

McDONOUGH, C. J., CROCKETT and HENRIOD, JJ., and ELLETT, District Judge, concur.

WOLFE, C. J., being disqualified, did not participate in the hearing of this cause.