288 P.2d 788

Maybell F. SIZEMORE, Widow of William L. Sizemore, deceased, Sarah Luetta Peterson, stepchild of deceased, and Mickey Sizemore and Carma Sizemore, minor children of deceased, Plaintiffs,

v.

INDUSTRIAL COMMISSION OF UTAH, George Newell Jensen, and the State Insurance Fund, Defendants.

No. 8370.

Supreme Court of Utah.

Oct. 20, 1955.

C. Vernon Langlois, Salt Lake City, J. Harold Call, Heber City, for appellant.

E. R. Callister, Jr., Atty. Gen., F. A. Trottier, Salt Lake City, for respondent.

CROCKETT, Justice.

This case comes to us on certiorari to review an order of the Industrial Commission, on the ground that it abused its discretion in making an allocation of an award to dependents.

The deceased, William L. Sizemore, a sawmill employee, met his death when the cabin in which he was staying while on the job caught fire and burned. It is conceded that the accident causing his death arose out of and in the course of his employment.

Survivors included Maybell F. Sizemore, his wife, and her daughter, Sarah L. Peterson, 15 years old, who was thus deceased's stepdaughter; deceased also had two minor children by a former marriage, Mickey Sizemore, 14, a son, and Carma Sizemore, 17, a daughter, who were living with their mother.

The Industrial Commission found that the wife and stepdaughter Sarah were members of his family unit and dependents of deceased. On the other hand, the Commission found that the two Sizemore children, Mickey and Carma, received their entire support from their mother and stepfather, except for occasional gifts of money and clothing from deceased but concluded, that they were entitled to the conclusive statutory presumption of total dependency under Section 35–1–71(2), U.C.A.1953, which provides:

"Children under the age of eighteen years [shall be presumed to be wholly dependent] upon the parent * * * who is legally bound for their support."

The award was apportioned in accordance with Section 35–1–73, U.C.A.1953, the Commission allocating $500 to Carma, $1,000 to Mickey, and $6,870.85 to the wife Maybell, and her daughter Sarah as a family unit.

Carma and Mickey were dissatisfied with their award and sought this review. They attack the Industrial Commission's action on two grounds: (A) that it improperly found the stepchild Sarah to be a dependent and (B) that the apportionment of the award was so one-sided and unfair that it represents an abuse of discretion.

■ (A) Dependency is primarily a question of fact, except in those cases cov-

ered by the statutory presumption. While it is difficult to fashion a general definition to cover all situations which might constitute dependency, it should appear that at the time of the injury:

(1) There existed some family or other social relationship giving rise to a legal or moral obligation to support;[1] and

(2) One or more of the following should be answered affirmatively:

a. That claimant relied upon deceased in whole or in part for support or maintenance; or

b. That is was reasonably necessary for the deceased to render some financial assistance to claimant in order for him to maintain his accustomed standard of living; or

c. That claimant would in all probability have received some assistance from deceased, had he continued to live.[2]

■ In the instant case there was a basis in the evidence from which the Commission could find that the stepdaughter, Sarah L. Peterson, met the above requirements.

(B) Plaintiffs further insist that even if the stepdaughter, Sarah L. Peterson, could properly be regarded as a member of the dependent family unit, awarding her and her mother $6,870.85 as compared to awarding only $500 to Carma and $1,000 to Mickey, his own children, is so disproportionate and unjust that it does violence to reason.

■ Section 35–1–73, above referred to, whence springs the Commission's authority to allocate the award among the dependents, provides:

"The benefits in case of death shall be paid to such one or more of the dependents of the decedent for the benefit of all the dependents, as may be determined by the commission, which may apportion the benefits among the dependents in such manner as it deems just and equitable."

This statute clothes the Commission with broad powers to distribute the award in such manner as it deems will best serve the interests, needs and welfare of the parties. These matters must, of course, be considered in the light of, and bear proper relationship to, the legal or moral obligations deceased had to the dependents in question. Nothing here appears from which it can be said that the Commission's allocation was so wholly out of proportion to the needs of the dependents, considered in relationship to the obligations of deceased to supply them, that the apportionment made was capricious, arbitrary or unreasonable to the extent that it amounted to a failure to ex-

1. That the claimant need not be a blood relative to share in the award, see Utah Fuel Co. v. Industrial Commission, 64 Utah 328, 230 P. 681, 682.

2. See discussion in Rigby v. Industrial Commission, 75 Utah 454, 286 P. 628 (denying claim by father for death of son).

ercise discretion in the matter.[3] In the absence of such showing the award must be, and it is affirmed.

McDONOUGH, C. J., and HENRIOD, WADE and WORTHEN, JJ., concur.

---

3. As to when order of Industrial Commission will be vacated, see: Woodburn v. Industrial Commission, 111 Utah 393, 181 P.2d 209, 212; Jones v. California Packing Corp., Utah, 244 P.2d 640, 642.