. 366 P.2d 974

**Elba JUSTICE, Lawrence Justice, and Arthur Averett, Plaintiffs and Respondents,**

v.

**STANDARD GILSONITE COMPANY, Defendant and Appellant.**

No. 9326.

Supreme Court of Utah.

Nov. 27, 1961.

Jensen, Jensen & Bradford, Salt Lake City, for appellant.

Simmons, Beaslin & Nygaard, Vernal, for respondents.

WADE, Chief Justice.

The defendant, Standard Gilsonite Company, appeals from a judgment awarding plaintiffs a penalty under Section 34–10–6 (a), U.C.A.1953 of $2,715.00 for separating the three plaintiffs from its payroll without paying them the wages due for such services within 24 hours after demand therefor.[1] In addition to the penalty above men-

---

1. Section 34–10–6. Separation from pay roll—Resignation or suspension of employment—Penalty.—(a) "Whenever an employer separates an employee from his pay roll the unpaid wages or compensation of such employee shall become due

tioned, the trial court awarded plaintiffs as past due wages $1,000.00.

Defendant claims that on September 1, 1959, an oral agreement was negotiated by the company with Elba Justice for mining of ore in an old mine at a specified rate per ton. Thereafter, Justice informed the company that "mucking" and "timbering" would be necessary before actual mining could be commenced. Elba Justice commenced such preliminary operation on September 7, and was joined by his son, Lawrence, on September 8, and by Arthur Averett on September 15. They continued at this preliminary work until September 30, when they demanded $1,000.00 as accumulated wages for the three of them. This the company refused, and now claims that it believed that no employer-employee relationship existed, but that the services rendered were merely preliminary to commencement of the oral contract which had been negotiated. Plaintiffs rendered their last services on October 1, 1959, and after failing to reach a settlement with the company, commenced this action on November 30 of that year. The trial court tried the issues and made

findings and entered judgment in favor of the plaintiffs on all of the issues.

The company urges three grounds for reversal: (1) The penalty statute applies only where the employer acknowledges the employer-employee relationship and not where the refusal to pay is under a bona fide dispute on that issue. (2) The penalty statute is unconstitutional in that it denies the employer due process of law by imposing a heavy penalty for an unsuccessful though bona fide defense. (3) The penalty statute is unconstitutional class legislation in that it arbitrarily and discriminately excludes from the penalty provision other classes of employers not reasonably distinguishable from those included. We consider these contentions in the order above stated.

As to the first two contentions, we are unable to determine the merits thereof because they are based on the claim that defendant in the trial made a bona fide contention that no employer-employee relationship existed. No transcript of the evidence adduced at the trial was brought to this court, so we have no way of determin-

immediately, and the employer shall pay such wages to the employee within 24 hours of the time of separation at the specified place of payment.

"In case of any failure to pay wages due an employee within 24 hours of a demand therefor, the wages of such employee shall continue from the date of separation until paid, but in no event to exceed 60 days, at the same rate which said employee received at the time of the separation. The employee may recover the penalty thus accruing to him in a civil action. Said action must be commenced within 60 days from the date of separation; provided, however, that any employee who has not made a demand for payment shall not be entitled to any such penalty under this paragraph."

ing whether such defense was bona fide or not. In view of this fact we will not further consider the merits of these two contentions.

The third contention that the penalty statute is unconstitutional because it arbitrarily excludes from the penalty provision other classes of employers has merit.

Chapter 10, U.C.A.1953, under the heading "Payment of Wages" contains 20 sections including the penalty provisions of Section 34–10–6(a) and Section 34–10–13 making it a misdemeanor, among other things, for an employer to refuse "to pay wages due and payable when demanded." However, it excepts from the provisions of that chapter certain classes of employers as follows:

Section 34–10–2. "None of the provisions of this chapter shall apply to the state, or to any county, incorporated city or town, or other political subdivision, or to employers and employees engaged in farm, dairy, agricultural, viticultural or horticultural pursuits, or to banks and mercantile houses, or to stock or poultry raising, or to household domestic service, or

to any other employment, where an agreement exists between employer and employee providing for different terms of payment."

The question presented is whether the exclusion of "banks and mercantile houses" makes the act arbitrary, discriminatory class legislation.[2] We recognize as correct the rule as stated in 12 Am.Jur. 216 and 217, Sec. 521, as follows:

"One who assails the classification in a law must carry the burden of showing that it does not rest on any reasonable basis, but is essentially arbitrary * * *

* * * * * *

" * * * Before a court can interfere with the legislative judgment, it must be able to say that there is no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched * * * *."[3]

The difficult problem confronting us is the application of this rule of law to the facts of this case. In State v. Walker,[4] a criminal conviction of an employer for refusal to pay wages due when demanded

2. See Amendment XIV to the Constitution of the United States, and Art. I, Section 2, Art. I, Section 24, and Art. VI, Section 26, of the Constitution of Utah.
3. See State v. Mason, 94 Utah 501, 78 P.2d 920, 117 A.L.R. 330; State v. J. B. & R. E. Walker, 100 Utah 523, 116 P.2d

766; Toronto v. Sheffield, 118 Utah 460, 222 P.2d 594; State v. Packard, 122 Utah 369, 250 P.2d 561; Abrahamsen v. Board of Review of the Industrial Comm. of Utah, 3 Utah 2d 289, 283 P.2d 213; Hansen v. Public Employees Retirement etc., 122 Utah 44, 246 P.2d 591.
4. See citation of that case in note 3 above.

under Chapter 60, Laws of Utah for 1937, where the statutes involved were similar to those involved in this action,[5] we held that there is a reasonable basis to differentiate banks and mercantile houses from the included employers so that the provisions were not unconstitutional. We have carefully reconsidered this problem and notwithstanding our previous holding in the Walker case, we conclude that there is no reasonable basis for exclusion of banks and mercantile houses from the penalty provisions of this act as distinguished from other employers which are included, and that such provisions are thus rendered unconstitutional.

As to banks, there are many regulatory provisions made for the protection of their customers, but not their employees. Under these regulations they are required to keep available ready cash to meet current obligations with which they might be confronted. However, this seems to be a reason why banks should be subjected to such penalty provisions rather than why they should be excluded therefrom. For a failure under these circumstances to pay an employee on separation from the employers' payroll would be more reprehensible and cause less hardship to the bank under those conditions than it would be to an ordinary employer. So we see no reason why banks should be excluded from the operation of this penalty provision as distinguished from the general employers included.

While mercantile houses usually have a stock of goods to which the employee could have recourse for eventual payment of wages, there are very few employers who are subject to the penalty provisions who do not have property to which the employee may have recourse to secure such payments. Also, most of the employers not excluded are dependent on retaining the good will of the public to about the same extent as are mercantile houses. Further, we find nothing to indicate that mercantile houses fail to pay their employees less often than other business included in this penalty provision, or that the need for only monthly payments of wages is less with them than it is with other included business. So we conclude that this classification excluding banks and mercantile houses from the penalty provisions of this chapter is arbitrary and has no reasonable jus-

5. The exclusion provisions similar to Sec. 34–10–2, U.C.A.1953, are in the last part of Sec. 4(b) Ch. 60, Laws of Utah 1937; the penalty provisions of the 1937 act similar to Sec. 34–10–6(a) U.C.A.1953, are Sec. 5(a), Ch. 60; and the provisions making it a criminal offense to refuse to pay wages similar to Sec. 34–10–13(b) are in Sec. 12(c), Ch. 60, Laws of Utah 1937. Ch. 60 of the Laws of Utah 1937 contains generally the same provisions as Ch. 10, U.C.A.1953, but the order of the sections is not the same and there is a shifting of provisions from one section to another.

tification in fact. And that it is therefore unconstitutional to that extent.

Judgment is reversed as to the penalty awarded in accordance with the opinions herein expressed; each side to bear its costs on this appeal.

HENRIOD and CALLISTER, JJ., concur.

CROCKETT, Justice (concurring).

I agree that a statute, such as the one under consideration, which attempts to include some and exclude others, is unjustly discriminatory unless the exclusions are on the basis of uniform classification so that all who fall within the same class are affected alike and the classification bears some reasonable relationship to the objective sought to be accomplished by the statute. See Hansen v. Public Employees Retirement etc., 122 Utah 44, 246 P.2d 591, and authorities cited therein. I further agree that the statute in question fails to meet this test because there does not appear to be any reasonable basis for the exclusion of the named businesses which would not with equal reason apply to other businesses which are not excluded. Accordingly, I concur in the holding that the statute is unjustly discriminatory and for that reason unconstitutional.

McDONOUGH, J., does not participate herein.