480 P.2d 461

**DODGE TOWN, INC., a Utah corporation, Plaintiff and Appellant,**

**v.**

**Vernon B. ROMNEY, Attorney General, State of Utah, Gordon B. Christensen, County Attorney, Salt Lake County, and Delmar L. Larson, Sheriff of Salt Lake County, Defendants and Respondents.**

No. 12044.

Supreme Court of Utah.

Feb. 1, 1971.

Callister, C. J., did not participate.

Edward W. Clyde and Roland R. Wright, of Clyde, Mecham & Pratt, Salt Lake City, for plaintiff and appellant.

Paul E. Reimann, Asst. Atty. Gen., Salt Lake City, for respondents.

Louis H. Callister, Salt Lake City, for amicus curiae.

HALL, District Judge:

Appeal from a declaratory judgment holding that Title 76, Chapter 55, Sections 5, 6 and 7, Utah Code Annotated, 1953, as amended, is constitutional.

The appellant is a motor vehicle dealer licensed under the laws of the state of Utah and prior to May 13, 1969, the effective date of the law in question, operated its place of business seven days a week. Subsequent to said effective date, it closed on Sundays in compliance with the law and thereafter sought and obtained a temporary restraining order pending a hearing on its complaint for a declaratory judgment as to the constitutionality of the law. Thereupon, it again opened on Sundays until the restraining order was dissolved and the act declared constitutional.

Appellant attacks the validity of the questioned statutes on the following grounds: (a) that it is an unreasonable exercise of the legislative power; (b) that it is discriminatory; (c) that it is special legislation; and (d) that it violates due process, is not a valid exercise of police power and has no relationship to the problems of health and welfare.

Respondent maintains: (a) statutes are presumed constitutional until the contrary is shown; (b) that the statutes are not arbitrary or discriminatory; (c) that the statutes are general laws and not special; and (d) that the proof of denial of due process is lacking and that the statutes are a valid exercise of the police power.

Section 76–55–6 of the statute under attack reads as follows:

Any person holding a license under the terms and provisions of section 41–3–6, who shall carry on or engage or represent or advertise that he is engaged or intends to engage in the business of buying, selling, exchanging, dealing in or trading in new or used motor vehicles at retail; or who shall open any place of business or lot where he attempts to or does engage in the business of buying, selling, exchanging, dealing or trading in new or used motor vehicles at retail; or who shall open any place of business or lot where he attempts to or does engage in the business of buying, selling, exchanging, dealing or trading in new or used motor vehicles at retail; or who does buy, sell, exchange, deal or trade in new or used motor vehicles at retail as a

business on the first day of the week, commonly known and designated as Sunday, is guilty of a misdemeanor.

In Broadbent v. Gibson et al., 105 Utah 53, 140 P.2d 939, this court held a state Sunday closing law unconstitutional because it was arbitrarily discriminatory, and in Gronlund v. Salt Lake City et al., 113 Utah 284, 194 P.2d 464, held a Salt Lake City ordinance unconstitutional, adopting the same reasoning. Applying the reasoning of these two cases, we find that the statutes do not meet the constitutional standards set forth therein.

The argument is made that a legislative purpose was to protect the public against automobile thefts and fraudulent sales. Sunday closing does not meet such an evil since sales at all other times when the offices of record, insurance and repair shops are closed are not prohibited. In fact, it is obvious that a sale on a Friday evening after the offices of record are closed would be a far greater evil since it would permit unscrupulous persons to commit unlawful acts some two and one half days prior to detection on Monday morning.

It is clear also that the statutes in question discriminate against licensed dealers and their product as well, since all other persons may sell and all types of vehicles may be sold by them on Sunday. There is no reasonable basis for singling out licensed auto dealers and excluding all others. The statutes simply do not apply equally to all persons as is required by the Utah Constitution.

In regard to the matter of special legislation there is no reasonable basis for singling out licensed automobile dealers and excluding all others. This subject was also treated in depth in Broadbent v. Gibson, cited above.

We are unable to see that the banning of automobile sales on Sunday would so affect the public health, morals, safety or welfare as to justify the interdiction of this statute under the police power.

We therefore conclude that the statutes in question are unreasonably discriminatory and that they are unconstitutional. The judgment below is reversed. Costs to appellant.

TUCKETT, HENRIOD, ELLETT, and CROCKETT, JJ., concurs.

CALLISTER, C. J., having disqualified himself, does not participate herein.