**Vonnie Ray LEETHAM, Plaintiff and Respondent,**

v.

**Floy W. McGINN, Director, Department of Registration, State Department of Business Regulation, State of Utah, Defendant and Appellant.**

No. 13368.

Supreme Court of Utah.

June 26, 1974.

---

**324**

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Ronald K. Fielding, Asst. Attys. Gen., Salt Lake City, for defendant and appellant.

Robert D. Maack, Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Plaintiff is a licensed cosmetologist, Chapter 11, Title 58, U.C.A.1953. She has fulfilled the special requirements of Section 58–11–4, U.C.A.1953, and her license includes the right to cut hair. An investigator, employed by the Department of Registration of the State Department of Business Regulation, filed a formal complaint, charging plaintiff with cutting the hair of a male patron in violation of Section 58–11–12(2)(c), U.C.A.1953. Upon a formal hearing before defendant, Chair-man of the Department, plaintiff's license to practice cosmetology was revoked for a period of ninety days.

Plaintiff filed a petition for review in the district court and for an order staying the revocation of her license. · Subsequently, plaintiff filed a motion for summary judgment on the ground that the provision of the statute prohibiting her from trimming and cutting a male patron's hair was unconstitutional. The trial court vacated and declared null and void the order of the Department of Business Regulation revoking plaintiff's license to practice cosmetology. The trial court ruled that Section 58–11–12(2)(c), U.C.A.1953, was unconstitutional insofar as it has been interpreted to prohibit a licensed cosmetologist from the cutting of hair of males.

Defendant appeals and urges that the provision of the statute constituted a valid exercise of the police power by establishing reasonable rules and regulations to protect the public health, safety and welfare. Furthermore, the statute established a reasonable classification, preserving the distinctions between the professions of barbering and cosmetology.

Section 58–11–12(2)(c), U.C.A.1953, provides that a cosmetologist may perform in his practice: "Cutting, clipping or trimming the hair of women or girls only by the use of scissors, shears, clippers or other appliances."

Section 58–11–19, U.C.A.1953, provides that barbers licensed under the laws of this state are exempted from the chapter concerning cosmetologists.

Section 58–4–10, U.C.A.1953, provides:

> To . . . cut the hair, . . . shall constitute practicing the occupation of barbering; provided, that persons duly licensd to practice as hairdressers and cosmeticians are exempted from the provisions of this chapter.

Plaintiff urged successfully before the trial court that this statutory scheme, which permits barbers to cut the hair of both men and women but restricts cos-

metologists to cutting the hair of girls and women, was unconstitutional.[1]

■ A legislative classification is never arbitrary or unreasonable so long as the basis for differentiation bears a reasonable relation to the purposes or objectives to be accomplished by the act. If some persons or transactions, excluded from the operation of the law, were as to the subject matter of the law in no differentiable class from those included within its operation, the law is discriminatory in the sense of being arbitrary and unconstitutional.[2] In Maryland State Board of Barber Examiners v. Kuhn,[3] the court held that to the extent that the challenged statute prohibited cosmetologists from rendering to male patrons the same services they might lawfully provide to female customers, it violated the Equal Protection Clause, for the classification established by the statute was without any reasonable basis and was, therefore, purely arbitrary. The court emphasized that the cosmetologists sought permission *only* to render the same services for men's hair that they already lawfully and competently provided for women's hair. The cosmetologists neither sought nor would they be permitted to hold themselves out as barbers. In performing the same services and techniques upon men's hair that they already use on women's hair, the cosmetologists would employ the same instruments and not those which only barbers are trained to use in providing "conventional male haircuts." The court assumed that the hygienic standards of the establishments where each profession worked would be maintained at a similar level.

Does Section 58–11–12(2)(c), U.C.A. 1953, arbitrarily and unreasonably limit the cosmetologists' right to pursue a lawful occupation and, therefore, deny them due process of law?

■■ The right to engage in a profession or occupation is a property right, which is entitled to protection by the law and the courts. There are some professions and occupations, which require special skill, learning and experience, and the public ordinarily does not have sufficient knowledge to determine the qualifications of the practitioner. To protect the public health, safety, and welfare, the legislature under the police power may establish reasonable standards with which one must comply as a prerequisite to engage in certain occupations.[4] However, under the police power, the means selected must bear a real and substantial relation to the objective sought to be attained.

In Maryland State Board of Barber Examiners v. Kuhn[5] the court stated:

. . . Manifestly, it cannot be seriously argued that if the object sought to be attained is the protection of the male public from inadequate training and inferior hygienic standards, the statute bears a real and substantial relation to that objective, when it is conceded that the very same services are rendered to female customers, for whom they are admittedly adequate. . . . [6]

The court concluded that the statute could not withstand constitutional scrutiny and violated the Due Process Clauses of both the federal and state constitutions.

■ In the instant action, the trial court properly ruled the statute was unconstitutional insofar as it attempted to curtail the permitted statutory practices of cosmetologists to only women and girls. The judgment of the trial court is affirmed.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ.

1. Under the Due Process and Equal Protections Clauses of the United States Constitution and under Article I, Sections 7 and 24, and Article VI, Section 26 of the Constitution of Utah.

2. State v. Mason, 94 Utah 501, 78 P.2d 920, 117 A.L.R. 330 (1938); State v. J. B. & R. E. Walker, Inc., 100 Utah 523, 116 P.2d 766

(1941); Justice v. Standard Gilsonite Company, 12 Utah 2d 357, 366 P.2d 974 (1961).

3. 270 Md. 496, 312 A.2d 216 (1973).

4. Clayton v. Bennett, 5 Utah 2d 152, 298 P.2d 531 (1956).

5. Note 3, supra.

6. At p. 225 of 312 A.2d.