**Reba KOHLER, widow of Harry L. Kohler, Deceased, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION of Utah et al., Defendants.**

**No. 14506.**

Supreme Court of Utah.

Oct. 7, 1976.

Alan F. Mecham of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for The Industrial Commission of Utah.

Robert D. Moore, Gregory C. Diamond, Salt Lake City, for State Ins. Fund.

HENRIOD, Chief Justice:

Review of a Commission order reducing a widow's award to a ⅓ lump sum when she remarried, as provided for in Title 35–1–73, Utah Code Annotated 1953. Affirmed, with no costs awarded.

Mrs. Kohler, a widow, urges that the above act,[1] in effect at the time of Mr. Kohler's death that resulted from an industrial accident, constitutionally is discriminatory and a "cruel in terrorem disincentive for remarriage." We think not.

The act provided that if a widow dependent, receiving benefits under the Workmen's Compensation laws,[2] and there-

---

1. Laws of Utah 1973, ch. 67, sec. 9, enacting amendments to 35–1–73, are inapplicable, since they became effective July 1, 1973, her first husband having died on April 16, 1973.

2. Title 35–1–73, Utah Code Annotated 1953, as amended.

after remarries, her sole right to further compensation is reduced to a one-third lump sum payment of the benefits otherwise accruable.

Counsel cites cases to the effect that it is unconstitutional to favor one segment of a class in which everyone equally is situated, has the same status, and no reasonable ground exists for such segregation. Such cases are legion and provoke no argument as to the soundness of such basic principle. The cases cited respectively have to do with statutes: To cut female but not male hair in the cosmetic field, or where certain auto dealers but not others may sell cars on Sundays, or where an employer is penalized for nonpayment of wages within a certain time, etc. [3]

We think the act does not abort such principle nor the purpose of Workmen's Compensation concepts,[4] as they may be germane to the facts here,—which purpose, broadly stated, is designed to provide security for the industrial worker and his family, for a temporary period, against adversity incident to the loss of income occasioned by accident or injury in the course of his employment. Nor do we consider it constitutionally discriminatory.

Customarily a man is burdened with an obligation of support for his wife and children,—and vice versa. Petitioner says that because part of the benefits that erstwhile would flow to the widow, might be eliminated by her remarriage, proof positive of discrimination against her is shown, since such result would not maintain in the case of a minor daughter marrying (not remarrying).[5] Such conclusion logically can be correct only if the widow is in the

identical class and status as the marrying dependent child. In setting out differences between the two, it might be suggested that the duty of support by a husband to each, grows from different roots,—the one ex contractu and the other that of blood kinship. The last relationship, so far as support is concerned, remains indestructible during minority while the first, that of husband and wife, may be interrupted by divorce at any time. Using the reasoning of petitioner in championing the interests of the remarrying wife, it might be suggested that the burden a father bears in supporting children whose custody has been awarded to a wife in a divorce action and who remarries, may be as much a "cruel in terrorem disincentive" to further payment of support money for their maintenance.

In the event of remarriage of the wife, it seems obvious that at least part of the burden of supporting her has been shifted to her new husband, who then has a duty to support her, and consequently the purpose of the act at least greatly has resulted in fulfillment.

To say classification under the act is identical with respect to a remarrying wife and a marrying child, at first blush would seem plausible, and that different treatment in the payment of benefits perhaps discriminatory,—but we are constrained to believe and conclude that no unreason maintains in the constitutional sense. To decide elsewise would seem to be something akin to saying that our succession laws in the case of intestate estates are unconstitutionally discriminatory because a wife gets a fractional share different than

---

3. *Leetham v. McGinn*, Utah, 524 P.2d 323 (1974); *Dodge v. Romney*, 25 Utah 2d 267, 480 P.2d 461 (1971); *Justice v. Standard Gilsonite*, 12 Utah 2d 357, 366 P.2d 974 (1961)..

4. *U. S. Smelting v. Nielsen*, 19 Utah 2d 239, 430 P.2d 162 (1967); *Park Utah v. Indust. Comm.*, 84 Utah 481, 36 P.2d 979 (1934); *Sizemore v. Indust. Comm.*, 4 Utah 2d 126, 288 P.2d 788 (1955).

5. Petitioner's single point on appeal is that the "remarrying" widow is in the same category as the "marrying" female minor child. The difference in classification is obvious and the consequences so different as to make obvious a difference in identity of membership in a class.

the children, who get a variety of interests, depending on how many children survive. If a mother is discriminated against on remarriage if she does not get as much as a minor daughter does on marriage, she also is discriminated against with respect to a marrying son,—and a daughter or son might be said to be discriminatory beneficiaries if their mother is the survivor and remarries, but is discriminated against if the surviving father remarries, since the latter is not penalized by a reduction to a ⅓ lump sum benefit. The same kind of reasoning would call for the conclusion that some children or all of them would be discriminated against if there were eight surviving children instead of four, since the statute's formula for benefits applies only to a family consisting of parents and four children.

All these real or imaginary discriminations are sanctioned, however, in an atmosphere created by reasonable beneficence factored by the spirit and letter of legislation based on reasonable sociological, industrial and humane purposes,—in considerable measure at taxpayer expense,—and not in virtue of constitutional, absolute or any other vested right save that born of legislative interdiction sanctioned by the body politic. We think and hold that the urged discrimination, if any there be, is not only reasonable and uniform as to classification but also is free from constitutional objection or restraint. Such conclusion is sound, we think, under familiar principles of statutory and constitutional construction. It is defensible, if for no other reason than that a widow who is dependent is amenable to a statute to which another widow who is a dependent is amenable,—each of whom can remarry the day after her husband dies,—which is a "remarriage",—whereas a female child, who simply "marries" as claimed in petitioner's point on review, is in another class whose members, during minority, may be legal dependents, and where marriage, dur-

ing such period, is not available save by the consent of parents,—a restrictive stick in the bundle of rights and duties incident to such status, and not lumber incumbering the sheaf representing those of the remarrying widow.

The Workmen's Compensation laws largely are beneficent and permissive,—whose erstwhile unsanctioned assistance could not be insisted upon by anyone as a matter of vested right constitutionally or statutorily. They are sufficiently malleable to bend in reason but not so brittle as to break by the pressure of a rather tenuous and technical assault against them as may be the case here.

Our own case of *Continental Casualty v. Industrial Comm.* [6] seems to be in point, where a statute provided benefits for a wife, but reduced them, by half if she resided out of the country,—which statute received the approbation of this court and has stood the rigors of time for half a century. Respectable authority seems to agree when Larsons's "Workmen's Compensation Laws," Sec. 64.40, says:

> Once rights as a dependent under an award have been acquired, they are not lost by a subsequent change in the dependent's financial position, nor by any change *short of the events, such as remarriage* or attainment of a specified age, expressly terminating compensation by statute. [Emphasis added.]

We believe and hold the trial court correct in its judgment in this case.

MAUGHAN, J., concurs.

CROCKETT, J., and LEARY, District Judge, concur in the main opinion and also concur in the concurring opinion of ELLETT, J.

ELLETT, Justice (concurring).

I concur but wish to point out one further ground as a basis therefor: When the legislature passed the act in question, it

---

6. 68 Utah 334, 250 P. 145 (1926) ; see also *New Park v. Indust. Comm.*, 2 Utah 2d 202, 271 P.2d 842 (1954).

surely knew that it is a common thing for parents to assist their young, married children.

This is such a customary activity on the part of parents that the legislators, without question, were aware of it and wisely provided for all the funds from workmen's compensation to be given to children who marry early, without diminution. At the same time, the legislators would not be likely to provide that all the funds given in lieu of the husband's daily wages would be used for a wife who remarries. This difference between helping children and a widow who remarries seems to be so great as to prevent any question of a constitutional discrimination between children of a deceased party and his remarried widow.