Gloria OLIVERAS, Marcus A. Oliveras, Noemi Sanchez and Luana Sanchez, State Insurance Fund, Trustee, Plaintiffs and Appellants,

v.

CARIBOU–FOUR CORNERS, INC., and LeRoy N. Kemry, Defendants and Respondents.

No. 15978.

Supreme Court of Utah.

July 25, 1979.

---

3. *Goodman v. Lee,* Utah, 589 P.2d 759 (1978).

4. Supra, footnote 1.

Robert B. Hansen, Atty. Gen., Robert D. Moore and M. David Eckersley of Black & Moore, Salt Lake City, for State Ins.

C. C. Patterson, Ogden, for Sanchez.

Darwin C. Hansen, Bountiful, for Oliveras.

Francis M. Wikstrom, Ogden, J. Anthony Eyre, Salt Lake City, for defendants and respondents.

STEWART, Justice:

The Utah Wrongful Death Statute provides that heirs or the personal representative of the deceased, on behalf of the heirs, may sue for damages caused by a wrongful death. The Utah Workmen's Compensation Act provides that the defendants of a workman killed in the course and scope of his employment are entitled to certain compensation benefits. These benefits are paid by the employer or his insurance carrier. In this case the insurer sought to be recompensed for benefits paid from the recovery in a wrongful death action.

This is an appeal by the State Insurance Fund ("Fund") from an order entered by a district court holding that the Fund had no right to recover for compensation benefits paid out of that part of a wrongful death recovery due to heirs who had received no workmen's compensation benefits. The district court order also held that the Fund was entitled to be reimbursed from the wrongful death recovery due the deceased dependents' heirs who had received workmen's compensation death benefits and to be relieved of any future obligation to pay additional compensation to those dependent heirs.

On December 19, 1975, Innocencio Oliveras was killed when he was struck by a truck while performing duties within the course and scope of his employment. He was survived by his wife of a second marriage and three children by a former marriage, two of whom had been adopted by another man. The deceased's wife was the mother of three children born to her in a former marriage. These stepchildren of the deceased were part of the deceased's family unit and were supported by him at the time of his death.

Claims for workmen's compensation benefits were filed on behalf of the following persons as dependents of the deceased: Gloria Oliveras, his wife; Marcus Oliveras, Noemi Sanchez, and Luanna Sanchez, all his own children by a former marriage; and Pat Villanueva, Gloria Fierro, and Maria Fierro, children of his wife by her former marriage.

Those persons who, having the status of heirs and/or dependents of the deceased, are as follows:

| Nondependent Heirs | Dependent Heirs | Nonheir Dependents |
|---|---|---|
| Luana Sanchez | Gloria Oliveras | Patricia Villanueva |
| Noemi Sanchez | Marcus Oliveras | Gloria Alice Fierro |
| (natural children adopted by another) | (wife and unadopted son) | Maria Fierro |
| | | (Children of wife by former marriage) |

The workmen's compensation insurance fund, as the insurance carrier for Mr. Oliveras' employer, acknowledged liability for compensation benefits. The Industrial Commission determined that the deceased's wife and her three children and the deceased's one unadopted child were dependents of the deceased and that each was entitled to a total award of $8,221.21. The finding that the three dependent stepchildren were entitled to compensation was based on the doctrine of *Sizemore v. Industrial Commission*, 4 Utah 2d 126, 288 P.2d 788 (1955), which held that stepchildren

may be dependents of and part of the family unit of a workman and therefore entitled to workmen's compensation benefits. The children of deceased who had been adopted by another person were awarded no workmen's compensation benefits. At the time of the hearing below, each of the dependents had received $3,478.20 and was entitled to receive future benefits pursuant to the order of the Commission in the sum of $4,743. In addition, the Fund paid $1,060 for funeral and ambulance expenses, for a total compensation liability of $42,166.

Subsequent to the date of the Commission's award, the heirs-at-law of the deceased, i. e., his wife, Gloria, and his three surviving children, pursuant to the rights conferred by the Utah Wrongful Death Statute, brought an action under that statute against the driver of the truck and his employer. In this action Francis M. Wixtrom, attorney for Gloria Oliveras, was authorized by the Fund to seek reimbursement from any amount received in that action for the payments made by the Fund to dependents under the Workmen's Compensation Act. This suit was settled for $85,000. The three children of the decedent's wife by a former marriage, although dependents of the deceased, were not included as parties plaintiff because the Wrongful Death Statute, § 78–11–7, U.C.A. (1953), as amended, permits suit to be brought only by a deceased's heirs or his personal representative "for the benefit of his heirs."[1]

In the proceeding before the district court, the Fund claimed that it was entitled to be reimbursed for all compensation benefits paid or payable to dependents of the deceased before the nondependent heirs

were entitled to participate in the wrongful death recovery. The Fund's position there and here is that it had this right of reimbursement even though the dependents were not heirs and even though it was necessary to invade the share of the recovery due nondependent heirs to accomplish full reimbursement. Those heirs entitled to recover under the Wrongful Death Statute, but who had received no workmen's compensation benefits, would, according to the Fund's position, therefore lose all or at least a portion of their share in the wrongful death recovery in order to reimburse the Fund for payments.

The district court ruled that the Fund was entitled to only that portion of the settlement proceeds allocable to heir dependents and only in the amount of compensation paid or obligated to be paid to heir dependents. Thus, under the decree, the Fund would not be reimbursed for compensation paid or owed to decedent's non-heir dependents (the three children of the decedent's wife by a former marriage).

The appeal in this case presents questions which are of first impression in this jurisdiction.

At common law an action for personal injury abated upon the death of the person injured. Except as provided by statute, no action for wrongful death could be maintained. *Mason v. Union Pac. Ry. Co.*, 7 Utah 77, 24 P. 796 (1890). However, the Territory of Utah adopted a wrongful death statute of the Lord Campbell's Act genre, Compiled Laws of Utah 1888, § 3179. See *Halling v. Industrial Commission*, 71 Utah 112, 263 P. 78 (1927). That statute vested

---

1. Utah's Wrongful Death Statute, § 78–11–7, U.C.A. (1953), as amended, provides as follows: Death of adult—When heir and representatives may sue.—Except as provided in chapter 1, of Title 35, when the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death, or, if such person is employed by another person who is responsible for his conduct, then also against such other person. If such adult person has a guardian at the time of his death, only one action can be maintained for the injury to or death of such person, and such action may be brought by either the personal representatives of such adult deceased person, for the benefit of his heirs, or by such guardian for the benefit of the heirs as provided in the next preceding section [78–11–6]. In every action under this and the next preceding section [78–11–6] such damages may be given as under all the circumstances of the case may be just.

the right to sue in the "heirs or personal representative" of the deceased. The statute became the law of the State with minor changes, one of which stated that an action by a personal representative is "for the benefit of the heirs."

Article XVI, Section 5 of the Constitution of Utah, as adopted in 1896, provided that "[t]he right of action to recover damages for injuries resulting in death, shall never be abrogated . . . ." The original Utah Workmen's Compensation Act was enacted in 1917. Under that provision the Legislature could not have substituted a compensation claim for damages under the wrongful death statute. To avoid constitutional difficulties, the Compensation Act gave the dependent heirs of a workman fatally injured in employment the option to (a) sue under the Wrongful Death Act, or (b) accept benefits under the Compensation Act.

Effective January 1, 1921, Article XVI, § 5 of the Constitution was amended to ensure that death benefits under the Compensation Act would not be found unconstitutional. As amended, Article XVI, Section 5 now reads as follows:

> The right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, except in cases where compensation for injuries resulting in death is provided for by law.

The purpose of the 1921 amendment to the Constitution was to permit the limitation of an employer's liability for fatal work-related injuries to the payment of death benefits under the Act. A central idea of the compensation movement was that a complying employer, in exchange for accepting compensation liability without fault, would be relieved of additional liability beyond the benefits provided by the Compensation Act in cases where his negligence may have contributed to the injury.

In *Henrie v. Rocky Mountain Packing Corp.*, 113 Utah 415, 196 P.2d 487 (1948), this Court set forth the basic differences between compensation benefits and damages which distinguish the remedies provided by the Wrongful Death Statute and the Workmen's Compensation Statute. The Court stated (196 P.2d at 493):

> The intention of the acts, then, was to secure workmen and their *dependents* (not heirs or personal representatives) against becoming objects of charity, by making reasonable compensation for calamities incidental to the employment, and to make human wastage in industry part of the cost of production. (Citation omitted). [Emphasis in original].

> Compensation is a concept wholly different from that of damages. Damages are based upon fault, are generally limited only by the findings and conscience of the jury, and in death cases are payable to heirs or personal representatives without regard to dependency. Compensation, on the other hand, generally has no relation to fault, is fixed or limited by statute, and is payable to dependents only. (Citation omitted).

The 1921 session of the Legislature then amended the Workmen's Compensation Act in several respects pertinent to this case. First, it provided that the dependents of a deceased employee were restricted, as against a complying employer, to their compensation remedy as opposed to any rights under the Wrongful Death Statute they might otherwise have had against the employer. Laws of Utah 1921, Chapter 67, §§ 3127, 3132. As to death caused by a third party, a dependent, to receive a compensation award, was required to assign any cause of action he had against the third-party tortfeasor to the person liable for payment of compensation.[2]

---

2. Section 3133 of the Laws of Utah provides: Assignment of cause of action. If an employee under this Act be injured or killed while in the course of his employment by another not in the same employment, he or his dependents in case of death, shall be entitled to compensation and to no other remedy unless the employer be subject to the provisions of Section 3129 and 3130. No employee or the dependents in case of death shall be granted compensation in such case unless such employee or his dependents, as the case may be,

Subsequent to the 1921 amendments the statutory provision for reimbursement of employers, or their insurance carriers, has undergone a substantial metamorphosis. The present statute recognizes that dependent heirs have a right to recover compensation benefits and may also assert a cause of action for wrongful death. If they do, the employer or insurance carrier is made "trustee," not "assignee," of the cause of action. The relevant section of the present Utah Workmen's Compensation Act is 35-1-62:

> When any injury or death for which compensation is payable under this title shall have been caused by the wrongful act or neglect of a person other than an employer, officer, agent, or employee of said employer, the injured employee, or in case of death his dependents, may claim compensation and the injured employee or his heirs or personal representative may also have an action for damages against such third person. If compensation is claimed and the employer or insurance carrier becomes obligated to pay compensation, the employer or insurance carrier shall become trustee of the cause of action against the third party and may bring and maintain the action either in its own name or in the name of the injured employee, or his heirs or the personal representative of the deceased  .  .  . . Before proceeding against the third party, the injured employee, or, in case of death, his heirs, shall give written notice of such intention to the carrier or other person obligated for the compensation payments, in order to give such person a reasonable opportunity to enter an appearance in the proceeding.

> \*  \*  \*  \*  \*  \*

> If any recover is obtained against such third person it shall be disbursed as follows:

(1) The reasonable expense of the action, including attorneys' fees, shall be paid and charged proportionately against the parties as their interests may appear. Any such fee chargeable to the employer or carrier is to be a credit upon any fee payable by the injured employee or, in the case of death, by the dependents, for any recovery had against the third party.

(2) The person liable for compensation payments shall be reimbursed in full for all payments made less the proportionate share of costs and attorneys' fees provided for in subsection (1).

(3) The balance shall be paid to the injured employee or his heirs in case of death, to be applied to reduce or satisfy in full any obligation thereafter accruing against the person liable for compensation.

At first blush Paragraph (2) above seems to support the contention of the Fund that it is entitled to full reimbursement out of the wrongful death recovery even though the shares of those who received no compensation from the Fund must be invaded to provide for full reimbursement. However, § 35-1-62, Paragraph 2, should be construed to avoid a conflict with Article XVI, § 5, of the Constitution. Article XVI, § 5, provides that "the amount recoverable shall not be subject to any statutory limitation," except where compensation "is provided for by law." This provision is not consistent with the statutory construction that would allow the Fund to invade the shares of nondependent heirs who received no compensation. The nondependent heirs receive no compensation "provided for by law"; therefore, their share is not subject to diminution.

The amendment to Article XVI, § 5, was intended to provide an alternative, and not a substitute, type remedy for death which, in part, replaced the damage action protected by that provision; and, an insurance

> shall assign any cause of action existing against the person responsible for or causing the injury or death to the state insurance fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation. And such cause of action is

> by this section made assignable, whether it be for injury or death, and the dependents or the personal representative and not the heirs in such case shall have the right and power to make a full and exclusive assignment notwithstanding Sections 6504 and 6505, Compiled Laws of Utah, 1917.

carrier or employer is in effect subrogated to the rights of dependent heirs who received compensation. The insurance carrier or employer has no independent right of action for benefits paid if none of the dependents who received compensation were not also heirs. There is only one action established by the Wrongful Death Act. *Parmley v. Pleasant Valley Coal Co.*, 64 Utah 125, 228 P. 557 (1924).

Reading the Compensation Act, § 35–1–62, together with the Wrongful Death Act, § 78–11–7, we do not believe the Legislature intended that subparagraph (2) be construed in the manner contended for by the Fund. Section 35–1–62 states that the employer or insurance carrier who becomes obligated to pay compensation "shall become *trustee* of the cause of action against the third party . . . ." [Emphasis added.] As trustee, its rights do not rise above the respective rights the dependents have as heirs, for whom the wrongful death action has been created. Thus, the trustee's right of recovery is limited to the respective rights of those heirs in whose shoes it stands, by virtue of having paid them compensation, but it does not extend to the shares of the nondependent heirs. This conclusion is consistent with the obvious purpose of the amendment of Article XVI, § 5, which was to prevent double recovery by a dependent receiving both a compensation award and his full share in a wrongful death recovery. If the contrary position were to prevail, heirs who had received no compensation award would be required to assist in financing the workmen's compensation system—a result, as stated, which would raise serious constitutional difficulties. It is also consistent with the Wrongful Death Statute [3] which vests the right of action in the "heirs" or personal representatives. The phrase in that statute "[e]xcept as provided in chapter 1, of Title 35 . . ." i. e., the Compensation Act, merely means that the custodian of the right of action is the insurance carrier or employer when compensation benefits are paid; but neither act, either individually or taken together, create a new, independent cause of action in the trustee insurance carrier or employer to receive more than the dependent heirs are entitled to as their share of a recovery under the Wrongful Death Statute.

The issue presented by this case has not been widely litigated. We are aware that two other courts have arrived at a contrary conclusion. *In Re Shields Estate*, 320 Ill. App. 522, 51 N.E.2d 816 (1943), and *Beam v. Maryland Casualty Co.*, Tenn., 477 S.W.2d 510 (1972). But in neither of these cases was it necessary to reconcile a constitutional provision such as ours with the language of the applicable Workmen's Compensation Statute.

In sum we hold the Legislature has not provided and did not intend to provide for the divestment of the right of heirs to damages under the Wrongful Death Statute if they are nondependents and received no compensation benefits.

The decree and order appealed from are affirmed. Costs to Respondents.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.